IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re<br>LYNCH, STEPHEN NICHOLAS,<br>LYNCH, GWENNA KAY, | )<br>)<br>) | Case No. 11--M<br>Chapter 7 |
| Debtors. | )<br>) | |
| STEPHEN NICHOLAS LYNCH, | )<br>) | Adv. Case No. 14-AP-01059-TRC |
| Plaintiff/Debtor, | )<br>) | |
| v. | ) | |
| KENNETH K. KLEIN, et al., | )<br>) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, Stephen Nicholas Lynch hereby moves this Court, pursuant to BANKR.N.D.OKLA. LR 7007-1(C) and 7056-1; FED.R.BANKR.P. 7056 and 7070; and FED.R.CIV.P. 56 and 70, for partial summary judgment and to quiet title to Plaintiff's homestead property against Defendant BOKF, N.A. (hereinafter referred to as "BOK"), Defendant Kleinco Residential Construction, LLC (hereinafter referred to as "KRC"), Defendant CFR, Inc. (hereinafter referred to as "CFR"), Defendant Westport Insurance Corporation (hereinafter referred to as "Westport"), Defendants Christopher Pettet and Valerie Mitchell (hereinafter referred to collectively as "Buyers") and Defendant District Court for Osage County, Oklahoma. In support thereof, Plaintiff will show that the Osage County District Court was jurisdictionally barred from any action for foreclosure and forced sale of the property due to a prior action on the same note and mortgage which was dismissed with prejudice in its entirety, that BOK's right to

1

bring any action on the subject mortgage was extinguished by the dismissal with prejudice and BOK's right to bring any action on the subject note was extinguished by the dismissal with prejudice.

## STATEMENT OF MATERIAL FACTS AS TO WHICH NO GENUINE DISPUTE EXISTS[1]

1. On December 21, 2010, Defendant BOK, represented by attorney Defendant Scott F. Lehman (hereinafter referred to as "Lehman"), filed a Petition in Foreclosure in the District Court of Osage County, Oklahoma, Case No. CJ-2010-406. (*See* Exhibit A attached hereto, a certified copy of said Petition in Foreclosure filed in Case No. CJ-2010-406.)

2. The Petition in Foreclosure named Bank of Oklahoma, N.A. as Plaintiff and Gwenna Kay Lynch and Stephen Nicholas Lynch, individually and as Trustees on behalf of the Lynch Family Revocable Trust, and KRC, among others, as Defendants. See Exhibit A.

3. The Petition in Foreclosure was a suit to foreclose on an obligation created by a first promissory note executed on May 26, 2009 in the amount of $250,000.00 with interest thereon at 5.750% per annum as amended by a second promissory note executed on May 26, 2010 in the amount of $245,593.30 with interest thereon at 5.750% per annum "to modify the

---

1. All of the material facts for which no genuine dispute exists are contained within pleadings that were filed and are part of the records in the District Court of Osage County, Oklahoma, Case No. CJ-2010-406; the District Court of Osage County, Oklahoma, Case No. CJ-2012-37; the underlying Bankruptcy filed in this Court in Case No. 11-12457 and the Adversary Action filed in this Court in Case No. 12-01003. Plaintiff requests the Court take judicial notice of said records pursuant to FED. R. EVID. 201(c)(2).

2

terms of, and amend and restate in its entirety the promissory note executed on May 26, 2009.

(*See* Exhibit A, p. 3, ¶ 4.)

4.	The obligation created by the first and second notes was secured by a mortgage on the following real property:

A Tract of Land in the Southwest Quarter (SW/4) of Section Thirty-One (31), Township Twenty-Two (22) North, Range Twelve (12) East of the I.B. &M., Osage County, State of Oklahoma, and more particularly described as beginning 880 feet West of the center of the above described Section Thirty- One (31), thence 880 feet West; thence 1980 feet South; thence East 882.9 feet; thence North 1980 feet to the point of Beginning.

The address is commonly known as 12925 N. 68th W. Ave., Skiatook, OK 74070.

5.	The mortgage document contains a clause entitled "**GRANT OF MORTGAGE**" that states:

THIS MORTGAGE, INCLUDING THE SECURITY INTEREST IN THE PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THIS MORTGAGE.

(*See* Plaintiff's Exhibit A, p. 11 attached hereto.)

6.	The subject mortgage contains the following "Definitions:

**Existing Indebtedness**. The words "Existing Indebtedness" means the indebtedness described in the Existing Liens provision of this Mortgage.

**Indebtedness**. The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents....

(*See* Plaintiff's Exhibit A, p. 15 attached hereto.)

7.	On January 11, 2011, attorney Defendant Eric M. Daffern (hereinafter referred to as "Daffern") filed an Entry of Appearance on behalf of KRC in Case No. CJ-2010-406. (*See*

3

Exhibit B attached hereto, a certified copy of said Entry of Appearance filed in Case No. CJ-2010-406.)

8. On May 18, 2011, BOK created a second amended promissory note. (*See* Exhibit D attached hereto, Motion for Relief From Stay filed in Case No. 11-12457, Dk. 53.)

9. On June 8, 2011, BOK, by and through its attorney, Lehman, filed a Dismissal With Prejudice in Case No. CJ-2010-406 in which BOK: "[d]ismisses the above-styled cause of action with prejudice in its entirety." (*See* Exhibit C attached hereto, a certified copy of said Dismissal With Prejudice filed in Case No. CJ-2010-406.)

10. The Dismissal With Prejudice was served upon KRC by serving its attorney, Daffern. (*See* Exhibit C, p. 2.)

11. On September 25, 2011 the Plaintiff and his spouse, Gwenna Kay Lynch, filed bankruptcy in the United States Bankruptcy Court for the Northern District of Oklahoma in Case No. 11-12457.

12. On December 9, 2011, BOK, by and through its attorney, Lehman, filed a Motion for Relief from Automatic Stay and Abandonment in this Court to allow BOK to file a Petition in Foreclosure. (*See* Exhibit D attached hereto, Motion for Relief from Stay filed in Case No. 11-12457, Dk. 53.)

13. Said Motion for Relief from Automatic Stay and Abandonment alleged the identical facts as alleged in the Petition in Foreclosure filed in the District Court of Osage County, Oklahoma, Case No. CJ-2010-406 with respect to the May 26, 2009 promissory note, the mortgage on the Real Property to secure said note, and the May 26, 2010 first amended

4

promissory note (*compare* Exhibit A with Exhibit D) and then makes reference to the second amended promissory note dated on or about May 18, 2011 in the amount of $98,699.58, with interest thereon at 5.750%, which note "was executed, delivered and accepted, not in payment, but to modify the terms of, and amend and restate in its entirety the Promissory Note dated May 26, 2010, as referenced above." (*See* Exhibit D, p. 3, ¶ 4.)

14. Said Motion for Relief from Automatic Stay and Abandonment made no mention of the Dismissal With Prejudice filed by Lehman on behalf of BOK in Case No. CJ-2010-406. *(See* Exhibit D.)

15. On December 23, 2011, KRC, represented by attorney Defendant Steven W. Soule (hereinafter referred to as "Soule"), filed a Response to Defendant BOK's Motion for Relief from Automatic Stay and Abandonment on behalf of Defendant KRC which made no mention of the Dismissal With Prejudice filed by Lehman on behalf of BOK in Case No. CJ-2010-406. (*See* Exhibit E attached hereto, Response to Defendant BOK's Motion for Relief from Automatic Stay and Abandonment in Case No. 11-12457, Dk. 60.)

16. On January 9, 2012, KRC, by its attorneys Soule and Defendant Robert B. Sartin (hereinafter referred to as "Sartin") filed an Adversary Proceeding in this Court, Case No. 12-01003-M. (*See* Exhibit F attached hereto, a copy of said Adversary Proceeding filed in Case No. 12-01003-M, Dk 1.)

17. Said Adversary Proceeding alleged, among other things, an objection to the dischargeability of alleged debts owed by Debtors to KRC, and a constructive trust on the above said, and described, real property. *See* Exhibit F.

5

18. On January 19, 2012, KRC, by and through its attorneys Soule and Sartin, filed its Objection to Debtors' [Homestead] Claim of Exemption in this Court, Case No. 11-12457. (*See* Exhibit G attached hereto, a copy of said Objection to Debtors' Claim of Exemption in Case No. 11-12457, Dk. 75.)

19. On January 25, 2012, this Court entered its Order on BOK's Motion for Relief from the Automatic Stay but not as to abandonment. (*See* Exhibit H attached hereto, Order for Relief from the Automatic Stay and Abandonment filed in Case No. 11-12457, Dk. 77.) 20.

20. On February 12, 2012, BOK, by and through its attorney, Lehman, filed a Petition in Foreclosure in the Osage County District Court, Oklahoma, Case No. CJ-2012-37. (*See* Exhibit I, a certified copy of said Petition in Foreclosure filed in Case No. CJ-2012-37.)

21. The Petition in Foreclosure filed in Case No. CJ-2012-37 names BOKF, N.A. as Successor by Merger to Bank of Oklahoma, N.A., as Plaintiff, and Gwenna Kay Lynch, Stephen Nicholas Lynch, individually and as Trustees on behalf of the Lynch Family Revocable Trust, and KRC, among others, as Defendants, alleges the existence of the May 26, 2009 promissory note and mortgage on the subject Real Property as set forth in Case No. CJ-2010-406 (*compare* Exhibit A with Exhibit I), and then alleges a promissory note dated on or about May 18, 2011 in the amount of $98,699.58, with interest thereon at 5.750%, which note "was executed, delivered and accepted, not in payment, but to modify the terms of, and amend and restate in its entirety the Promissory Note dated May 26, 2009. (*See* Exhibit I, p. 3, ¶ 4).

22. On July 2, 2012, KRC, by and through its attorney, Soule, filed a Motion for Relief from Automatic Stay in this Court in Case No. 11-12457 to allow it to "preserve and protect its

6

interest in the constructive trust lien against the Real Property that is subject of Kleinco's [KRC's] Adversary Complaint" or "in the sale proceeds of the Real Property after the first mortgage of the Bank [BOK] is paid." (*See* Exhibit J attached hereto, a copy of said Motion for Relief from Automatic Stay in Case No. 11-12457, Dk. 108, p. 3, ¶ 13.)

23. On July 18, 2012, this Court entered its Order Granting Relief from the Automatic Stay filed by KRC to allow it to preserve and protect its interest in the Real Property in the Foreclosure Case [CJ-2012-37]. (*See* Exhibit K attached hereto, a copy of said Order in Case No. 11-12457, Dk. 116.)

24. On July 18, 2012, this Court entered its Order Regarding Objection to Claim of Exemption ordering "that the Debtors' claim of exemption in the Real Property is found to be of no legal effect as to a constructive trust claim of Kleinco [KRC], if such a constructive trust claim in established in a '**court of competent jurisdiction**'". [Emphasis added.] (*See* Exhibit L attached hereto filed in Case No. 11-12457, Dk. 118.)

25. On July 27, 2012, KRC, by and through its attorneys, Sartin and Daffern, filed its Answer, Cross-Claim, Counter Claim and Response to BOK's Motion for Summary Judgment in the Osage County foreclosure action, Case No. CJ-2012-37, seeking to establish its constructive trust, for judgment in the amount of $157,000.00 together with costs, interest and attorney's fees, and to foreclose its lien. (*See* Exhibit M attached hereto, a certified copy of said Answer, etc., filed in Case No. CJ-2012-37.)

26. On September 28, 2012, the Court in Case No. CJ-2012-37 entered its Journal Entry granting Summary Judgment to BOK, which contained the following orders:

A. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant, Gary Strahan, Personal Representative of the Estate of Tom Drummond filed its Answer herein claiming an interest by virtue of its Amended Statement of Judgment filed on August 28, 2009 in the records of the County Clerk of Osage County, State of Oklahoma, at Book 1396 at Page 576. That there is due and owing on its judgment a balance of $9,414.00, plus accrued interest of $1,721.73 through February 28, 2012, plus interest thereon at the rate of $1.287 per diem, until paid; plus costs accrued and accruing, plus attorney's fees in the amount of $1,441.40. Said judgment lien is junior and inferior to the Mortgage lien of the Plaintiff and there is no just reason to delay journal judgment as to Plaintiffs claims.

B. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, Kleinco Residential Construction, LLC, filed its Answer, Cross-Claim and Counterclaim herein claiming some right and interest in the property by virtue of a Notice of Lis Pendens filed with the Osage County Clerk on July 12, 2010, in Book 1425 at Page 182. Any interest said Defendant may have in the subject property is junior and inferior to the Mortgage lien of the Plaintiff and there is no just reason to delay final judgment as to Plaintiffs claims.

C. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants, County Treasurer of Osage County and Board of County Commissioners of Osage County, filled their Answer herein claiming an interest in the subject property by virtue of delinquent ad valorem taxes due for 2011 in the amount of $1,276.60, plus penalties and fees and $129.37 for the tax year 2011, plus penalties and interest for personal taxes due. At the election of the Plaintiff and under the terms of the Mortgage, the property will be sold with appraisement and any unpaid, due and owing real ad valorem taxes will be satisfied from the sales proceeds ahead of Plaintiff's lien. However, any unpaid, due and owing personal taxes are junior and inferior to the Mortgage lien of the Plaintiff.

D. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff, BOKF, N.A. d/b/a Bank of Oklahoma, successor by merger to Bank of Oklahoma, N.A., has a judgment in rem against the Defendants, Stephen Nicholas Lynch a/k/a Nick Lynch and Gwenna Kay Lynch a/k/a Gwenna Lynch a/k/a Gwenna Kay Morrison a/k/a Gwenna Kay Morrison Lynch, Not Personally But As Trustees On Behalf Of The Lynch Family Revocable Trust, Gary Strahan, Personal Representative of the Estate of Tom Drummond, William G. Gowing, Kleinco Residential Construction, LLC, an Oklahoma Limited Liability Company, County Treasurer for Osage County, Board of County Commissioners of Osage County, and Tenant, if any and for judgment in rem against the Defendant, Defendants,

Stephen Nicholas Lynch a/k/a Nick Lynch and Gwenna Kay Lynch a/k/a Gwenna Lynch a/k/a Gwenna Kay Morrison a/k/a Gwenna Kay Morrison Lynch, for the sum of $94,313.97, with accrued interest in the amount of $1,663.61 and interest thereon at 5.750% per annum from December 8, 2011, until paid; late fees in the amount of $284.58; a reasonable attorney's fee in the amount of $6,800.00; costs of this action accrued and accruing; the total past due amount; the cost to update the abstracts and obtain a foreclosure title opinion; and all other allowable expenses and advances for taxes, insurance, property preservation; as well as all necessary funds advanced by said Plaintiff accrued or accruing hereafter through completion of this action.

E.   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Mortgage described in Plaintiff's Petition and recorded, in Book 1389, at Page 638 of the records of Clerk of Osage County, Oklahoma, be adjudged valid and subsisting first liens upon the following described real estate, situated in Osage County, Oklahoma, to wit:

> A Tract of Land in the Southwest Quarter (SW/4) of Section Thirty-One (31), Township Twenty-Two (22) North, Range Twelve (12) East of the I.B. & M., Osage County, State of Oklahoma, and more particularly described as beginning 880 feet West of the center of the above described Section Thirty-One (31), thence 880 feet West; thence 1980 feet South; thence East 882.9 feet; thence North 1980 feet to the point of Beginning.The Real Property or its address is commonly known as 12925 N. 68th W. Ave., Skiatook, OK 74070.

for the amount of said judgment, that said Mortgage be foreclosed, that Plaintiff have a judgment of foreclosure against all Defendants herein, and that a Special Execution and Order of Sale issue from the office of the Osage County Court Clerk, directed to the Osage County Sheriff, thereby commanding said Sheriff to advertise and sell said real estate with appraisement, subject to any unpaid general real estate ad valorem taxes and/or special assessments which by statute are a first and prior lien, and commanding said Sheriff to pay out of the proceeds of said sale in the manner hereinafter specifically directed:

> FIRST: The costs of said sale and the cost of said action;
> SECOND: Any unpaid, due and owing ad valorem property taxes as set forth in this judgment;
> THIRD: The judgment awarded to Plaintiff, BOKF, N.A. d/b/a Bank of Oklahoma, successor by merger to Bank of Oklahoma, N.A.,

>   including all interest and attorney's fees as set forth herein;
>   FOURTH: The residue, if any, to be paid into this Court to await
>   the further order of the Court or a Judge thereof.
>
>   F.   IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that upon said confirmed sale, the Defendants herein, and all persons claiming by, through or under them since the commencement of this action, be forever barred, foreclosed and enjoined from asserting or claiming any right, title, interest, estate, or equity of redemption in or to said real estate and premises, or any part thereof.
>
>   G.   IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Note and Mortgage offered in evidence be canceled in judgment, and that the Plaintiff be permitted to withdraw the same.

(*See* Exhibit N attached hereto, a certified copy of said Journal Entry filed in Case No. CJ-2012-37.)

27.   On November 8, 2012, KRC, by and through its attorney, Sartin, filed a Motion for Default Judgment against Plaintiff in the Osage County foreclosure action, Case No. CJ-2012-37. (*See* Exhibit O attached hereto, a certified copy of said Motion for Default Judgment filed in Case No. CJ-2012-37.)

28.   On December 3, 2012, this Court in Case No. 12-01003 signed an "Agreed Judgment" granting KRC a nondischargable judgment against Debtors for the amount of $1,078,064.33. (*See* Exhibit P attached hereto, a copy of said Agreed Judgment filed in Case No. 12-01003, Dk. 23).[2]

29.   On December 7, 2012, KRC, by and through its attorney Sartin, filed in Case No.

---

2.   The validity of the "Agreed Judgment" is being challenged in this adversary action upon the allegation that Plaintiff's signature was forged.

10

CJ-2012-37 a "Consent Journal Entry of Judgment" in the amount of $157,811.16 as a constructive trust on the homestead real property identified hereinabove. (*See* Exhibit Q attached hereto, a certified copy of said document filed in Osage County Case No. CJ-2012-37.)

30. On January 28, 2013, CFR and Westport, by and through its attorney, Defendant Bruce A. McKenna (hereinafter referred to as "McKenna"), without filing a motion for relief from automatic stay, filed its Application to Intervene in Osage County Case No. CJ-2012-37. (*See* Exhibit R attached hereto, a certified copy of said Application to Intervene filed in Case No. CJ-2012-37 [exhibits omitted].)

31. On February 25, 2013, KRC, by and through its attorney Sartin filed its Affidavit of Foreign Judgment in Osage County Case No. CJ-2012-37 pertaining to the "Agreed Judgment" set forth in paragraph 28**,** *supra*. (*See* Exhibit S attached hereto, a certified copy of said Affidavit of Foreign Judgment filed in Case No. CJ-2012-37.)

32. On February 26, 2012, the Plaintiff's homestead property was sold at Sherriff's Sale to Buyers. (*See* Exhibit T attached hereto, a certified copy of Alias Sheriff's Return of Sale filed in Case No. CJ-2012-37.)

33. On March 25, 2013, the Court in Case No. CJ-2012-37 entered its Order Confirming Sheriff's Sale and Disbursement of Funds. (*See* Exhibit U attached hereto, a certified copy of said Order filed in Case No. CJ-2012-37.)

34. At no time prior to the Sheriff's Sale, or thereafter, did BOK apply to the Bankruptcy Court for an order of abandonment. (See entire record.)

35. The Plaintiff's homestead real property identified and described herein above

was sold to Buyers for $346,840.00 and the Court in Osage County Case No. CJ-2012-37 entered the following orders regarding disbursement of the sale proceeds:

> FIRST: The costs of said sale and the cost of said action in the amount of 1 % of the sale price, up to $300.00 for a total of $300.00;
>
> SECOND: The unpaid ad valorem property taxes due and owing to the County Treasurer of Osage County, in the amount of $1,276.60, plus penalties and fees and $129.3 7 for the tax year 2011, plus penalties and interest for personal taxes due, for a total of$1,361.38.
>
> THIRD: The judgment awarded to Plaintiff, BOKF, N.A. d/b/a Bank of Oklahoma, successor by merger to Bank of Oklahoma, N.A., including all interest and attorney's fees as set forth herein, in the total amount of $113,906.96; made payable to BOKF, N.A. and mailed to the attention of its attorney of record, Scott F. Lehman at 10441 S. Regal Blvd., suite 200, Tulsa, OK 74133.
>
> FOURTH: The residue, if any, to be paid into this Court to await the further order of the Court or a Judge thereof.

and that the Sheriff execute a deed to said real property to the Buyers. (*See* Exhibit U.)

36. On February 14, 2013, the Osage County Court in Case No. CJ-2012-37 entered its Order Granting KRC, CFR and Westport's respective Motions for Leave to Enter Post-Judgment Deficiency Orders or in the Alternative to Reaffirm Judgments, and ordered disbursements from the proceeds of the Sheriff's sale in the amount of $10,939.54 to Gary Strahan as personal representative of the Estate of Tom Drummond, $30,034.74 to KRC, $25,000.00 to CFR and $5,034.74 to Westport Insurance Corporation. (*See* Exhibit V attached hereto, a certified copy of said Order filed in Case NO. CJ-2012-37.)

## **ARGUMENT AND AUTHORITIES**

BOK's first Petition for Foreclosure filed in Osage County, Case No. CJ-2010-406, sought

to foreclose on the subject real property under the May 26, 2009 mortgage for money owed on the original promissory note dated May 26, 2009 and the first amended promissory note dated May 26, 2010.   BOK's second Petition for Foreclosure filed in Osage County Case No. CJ-2012-37, sought to foreclose on the subject real property under the May 26, 2009 mortgage for money owed on the original promissory note dated May 26, 2009 and the second amended promissory note dated May 18, 2011. The second amended note, which was executed before the dismissal with prejudice, clearly states it is an amendment to the original note and as such BOK's right to bring any later foreclosure action is governed by the fact that the first foreclosure action was dismissed with prejudice in its entirety.

> **I.  THE OSAGE COUNTY DISTRICT COURT WAS JURISDICTIONALLY BARRED FROM THE SECOND ACTION FOR FORECLOSURE BECAUSE THE FIRST FORECLOSURE WAS DISMISSED WITH PREJUDICE IN ITS ENTIRETY**.

After a plaintiff voluntarily dismisses its action against defendants with prejudice, a trial court is without jurisdiction to exercise any authority with respect to the subject matter of the dismissed case. *Ritter v. Ritter*, 2008 OK CIV APP 9. When BOK dismissed the first foreclosure action, Osage County Court Case No. CJ-2010-406, with prejudice in its entirety on June 8, 2011, said dismissal deprived the Osage County Court of jurisdiction from any further litigation regarding the original note, amendments to the note, and the mortgage securing the note. The Osage County District Court, therefore, did not have jurisdiction over BOK's second foreclosure action, Case No. CJ-2012-37 pertaining to the original note, amendments to the note and the mortgage securing the note. Without jurisdiction, it was not a "court of competent jurisdiction" in which KRC could establish its claimed constructive trust.

## II. BOK'S RIGHT TO BRING ANY ACTION ON THE SUBJECT MORTGAGE WAS EXTINGUISHED BY THE DISMISSAL WITH PREJUDICE.

The law prohibiting a creditor from bringing a second action on the same instrument after a dismissal with prejudice has been well established for decades:

> Herein, the action being one to establish and foreclose a lien against defendants' property, the filing of a written **dismissal with prejudice** by the plaintiff clearly and effectually released the property from such lien claim, and forever.

*State ex rel. Comm'rs of Land Office v. Mobley,* 1949 OK 6, ¶ 16 [emphasis added].

BOK dismissed the first Osage County foreclosure action with prejudice in its entirety on June 8, 2011. As of that date, the dismissal with prejudice forever extinguished any right and or claim regarding the mortgage executed on May 26, 2009. A dismissal with prejudice is the equivalent to an adjudication upon the merits and operates as a bar to a future action on the same subject matter. *See Shell Petroleum v. Hess*, 190 OK 699; *see also Winterhalder v. Burggraf Restoration, Inc.*, 2011 OK CIV APP 38, ¶ 15; *Ritter supra,* 2008 OK CIV APP at ¶¶ 5-6.

Here, rather than filing an amended pleading in Case No. CJ-2010-406 to allege the existence of the second amended note secured by the May 26, 2009 mortgage, BOK instead filed its dismissal with prejudice in its entirety on June 8, 2011, barring it from foreclosing on the subject real property. BOK's dismissal with prejudice in its entirety of its complaint in Case No. CJ-2010-406 was equivalent to an admission that it had no cause of action with respect to the May 26, 2009 mortgage for any and all promissory notes to which the mortgage secured at the time of the dismissal. *Winterhalder, id*. Having no cause of action on said mortgage, the second amended note was no longer secured by the May 26, 2009 mortgage from and after

14

June 8, 2011.

### III. BOK'S RIGHT TO BRING AN ACTION ON THE SUBJECT NOTE WAS EXTINGUISHED BY THE DISMISSAL WITH PREJUDICE.

BOK may argue that the second action was allowed under 12 O.S. § 7, that provides: "A judgment in favor of a party for one delinquency does not preclude the same or another party from an action on the same security for another delinquency." However, under the facts here, 12 O.S. § 7 is not applicable. The note dated May 18, 2011 was executed prior to the dismissal with prejudice in its entirety filed in CJ-2010-406 on June 18, 2011. The provisions of 12 O.S. § 77 would only be applicable if the Debtors executed a new mortgage on the same real property subsequent to the dismissal with prejudice. That did not occur. Thus the jurisdictional bar created when BOK filed its dismissal with prejudice also applies to the May 18, 2011second amended note. The language of the note itself makes it clear that the second amended note of May 18, 2011, was but a mere modification, amendment and restatement of the original May 26, 2009 promissory note. Here, the dismissal with prejudice effectively barred BOK from bringing an action to collect on the note as a secured or an unsecured instrument.

### CONCLUSION

This action in foreclosure demonstrates the exact type of creditor feeding frenzy that the automatic stay in a bankruptcy proceeding is meant to guard against. The Plaintiff was subjected to a forced sale of homestead property that had been in his family for three generations. The second foreclosure action was not only jurisdictionally barred in Osage County, but was also a product of numerous violations of the automatic stay. Neither BOK nor

KRC advised this Court in either of their motions for relief from automatic stay that BOK was barred from bringing an action to foreclose on the Plaintiff's homestead property. Nor did BOK apply to the Court to have said property abandoned as required by this Court's order of January 25, 2012. Nor did KRC file in the Osage County Court this court's Order regarding its limited ruling as to the Plaintiff's claim for homestead exemption and KRC's conditional right to any interest in the homestead. Nor did CFR and/or Westport seek relief from the automatic stay before intervening in the case. Nor did Buyers seek relief from the automatic stay when they filed for intervention in the foreclosure action immediately after their purchase of the property or when they filed a separate action for Forcible Entry and Detainer.

The District Court of Osage County, in the foreclosure action, Case No. CJ-2012-37, was without jurisdiction to order the May 26, 2009 mortgage to be foreclosed, and all actions taken in the case are void. FED.R.BANKR.P. 7070 makes FED.R.CIV.P. 70(b), entitled "Vesting Title", applicable to adversary actions and gives this court authority to enter judgment to return the subject property. The rule provides that: "If the real or personal property is within the district, the Court–instead of ordering a conveyance–may enter a judgment divesting any party's title and vesting it in others." Plaintiff prays the court to grant this relief.

**WHEREFORE**, premises considered, Plaintiff moves this Court for an order declaring that the District Court for Osage County, Oklahoma lacked jurisdiction over the subject matter of the second foreclosure action and that as such all acts taken in that case are void pursuant to the terms of FED.R.CIV.P. 60(b)(3) made applicable here by FED.R.BANKR.P. 1018 AND 9024; for an order that Defendant BOK was barred from filing a second foreclosure action after having

16

dismissed the first foreclosure action with prejudice in its entirety; for an order setting aside the Sheriff's sale; for an order divesting title from the Buyers; for an order quieting title in said real property to the record owners prior to the Sheriff's sale; and for an order requiring BOK, KRC, CFR and Westport to forthwith deposit with the Clerk of this Court the money received by the various disbursement orders entered in Case No. CJ-2012-37.

Respectfully Submitted this 14th day of January 2015.

_____
Martha L. Hyde, OBA # 31102
The Hyde Law Firm, PLLC
7854 South 69th East Avenue
Tulsa, Oklahoma 74133
Ph. (918)510-5992
Fax (918) 932-8900
marthalhyde@yahoo.com

**CERTIFICATE OF SERVICE**

I, Martha Lynne Hyde, do hereby certify that on January 14, 2015, a true and correct copy of the foregoing document, was filed electronically with the United States Bankruptcy Court for the Northern District of Oklahoma and that I mailed a copy of said document by first class mail, postage prepaid, to the following:

Christopher Pettet
12925 N. 68th W. Ave.
Skiatook, OK 74070

Valerie Mitchell
12925 N. 68th W. Ave.
Skiatook, OK 74070

BOKF, NA
% Frederic Dorwart
124 E. 4th Street
Tulsa, OK 74103-5010

Westport Insurance Corp
% William Steilen
5200 Metcalf Ave
Overland Park, KS 66202

CFR, Inc.
% Jack H. Allen, Jr.
5313 S Yale Ave Suite 900
Tulsa, OK 74135-6257

Kleinco Residential Construction LLC
% Eric Daffern
1660 E 71st St Suite J
Tulsa, OK 74136-5108

Angie Bruce Court Clerk
Dist. Crt. Osage County
600 Grandview
Pahwhuska, OK 74056

*Martha Hyde*

_____

Martha Hyde