## IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
## STATE OF OKLAHOMA

BOKF,N.A. D/B/A BANK OF OKLAHOMA
SUCCESSOR BY MERGER TO BANK OF
OKLAHOMA,N.A.,

   Plaintiff,

vs.

STEPHEN NICHOLAS LYNCH a/k/a NICK
LYNCH and GWENNA KAY LYNCH a/k/a
GWENNA LYNCH a/k/a GWENNA KAY
MORRISON a/k/a GWENNA KAY MORRISON
LYNCH, Husband and Wife;
STEPHEN NICHOLAS LYNCH a/k/a NICK
LYNCH and GWENNA KAY LYNCH a/k/a
GWENNA LYNCH a/k/a GWENNA KAY
MORRISON a/k/a GWENNA KAY MORRISON
LYNCH, NOT PERSONALLY BUT AS
TRUSTEES ON BEHALF OF THE LYNCH
FAMILY REVOCABLE TRUST;
SUMMIT BANK; TOM DRUMMOND d/b/a TOM
DRUMMOND LAW FIRM; WILLIAM G.
GOWING; KLEINCO RESIDENTIAL
CONSTRUCTION, LLC, an Oklahoma Limited
Liability Company; COUNTY TREASURER
FOR OSAGE COUNTY; BOARD OF COUNTY
COMMISSIONERS FOR OSAGE COUNTY;
and TENANT, if any;

   Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

District Court, Osage County, Okla.
FILED

MAR 2 2 2013

ANGIE BRUCE, Court Clerk
By_____Deputy

CASE NO. CJ-2012-37

Judge: David Gambill

RECEIVED
MAR 2 5 2013
by LWSL

---

**EMERGENCY MOTION FOR STAY OF FORECLOSURE SALE AND CONFIRMATION
HEARING AND FOR AN IMMEDIATE STAY DURING THE CONSIDERATION OF THIS
MOTION AND DEFENDANT'S EMERGENCY MOTION TO VACATE VOID FINAL
SUMMARY JUDGMENT BASED UPON PLAINTIFF'S LACK OF STANDING AND
MEMORANDUM OF LAW IN SUPPORT.**


EXHIBIT
A

Comes now the defendant Stephen N. Lynch, representative for Lynch Family Revocable Trust (Lynch), and hereby files this Motion and Memorandum of Law and moves this Honorable Court for an Order staying the foreclosure sale in the above-Styled caption and as grounds therefore, pending this prosecution of the appeal and Motion to Vacate Void Final Summary Judgment, based upon alleged Plaintiff's Lack of Standing pursuant to O.S Title 12, §§1031,1038, and would show:

## INTRODUCTION AND SUMMARY

By this emergency application, Movant requests an immediate administrative stay pending resolution of the Defendant's motion for a stay, as well as a stay pending final disposition of Defendant's appeal. District courts have held an appeal of the denial of an injunction prohibiting foreclosure, regardless of its label, constitutes a mandatory injunction invoking the automatic stay of CCP §916, as foreclosure would alter the status quo, moot the appeal and cause irreparable harm. *Royal Thrift v. County Escrow* (2004-2nd dist) 123 C.A.4th 24, 35-36; *Stewart v. Whitmyre* (1961) 192 C.A.2d 327, 328-329.

## DEFENDANT WILL BE IRREPARABLY HARMED ABSENT A STAY

Absent a stay Plaintiff, who never held any beneficial interest in the subject note or mortgage, and who is alleged to have never lent defendant a penny, will acquire an $850,000 property for an amount far below the three quarters of appraised value required by law. Defendant will loose its statutory opportunity for right of redemption in this process and will suffer irreparable harm as a result.

190

Furthermore, Defendant alleges that the appraised value was affected by forgery, perjury, and fraud and that absent a stay Defendant will losses the opportunity to prove these allegations.

## STATEMENT OF FACTS

**1.** The Plaintiff lacks the standing to foreclose in this matter as it failed to demonstrate          standing in said matter in CJ-2012-37 by not presenting the necessary and essential facts as required to bring said action, wherein Osage County District Court in error presumed jurisdiction that was deprived of said court by Bank of Oklahoma, hereinafter, BOK's, lack of standing hence the deprivation of the court subject matter jurisdiction in cause CJ-2012-37.

**2.** On 12/7/12 , BOK initiated foreclosure proceedings claiming to be the   present holder of the Note and Mortgage. Movant claims alleged Plaintiff lacked/s capacity to sue and the trial court lacks jurisdiction over the subject matter.

**3**The sheriff's sale date was held on February 26, 2013, and Confirmation has been scheduled for March 25, 2013.

**4.** The main issue is whether or not alleged Plaintiff has standing.  Defendants allege that alleged Plaintiff does not have standing to foreclose the subject property and therefore the court lacks subject matter jurisdiction. This argument is based on the failure of Plaintiff to establish it was a person entitled to enforce the note at the commencement of the action.

**5.** This argument is in part based on the lack of endorsement bearing alleged Plaintiff's Name on the note attached to alleged Plaintiff's petition to foreclose. Therefore, alleged Plaintiff did not establish they were an entity entitled to enforce the note.

**6.** Plaintiff must demonstrate it became a "person entitled to enforce" **prior to** the filing of the foreclosure proceeding, there is no evidence in the record establishing alleged Plaintiff had

191

standing when commencing this foreclosure action as the party invoking the court's jurisdiction has the burden of establishing his or her standing. See *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 570, n.5, 112 S.Ct. 2130, 2142, 119 L. Ed. 351 (1992) In essence, a plaintiff who has not suffered an injury attributable to the defendant lacks standing to bring a suit.  And, thus, "standing [must] be determined as of the commencement of suit".....

**7.** From the record, there was no proof plaintiff was the holder of the note at the time of commencement of the suit.

**8.** A foreclosing entity has the burden of proving it is a "person entitled to enforce an instrument," see *Wells Fargo Bank, N.A. vs. Heath.*

**9.** "Unless the Appellee was able to enforce the note at the time the suit was commenced, it cannot maintain its foreclosure action against the Appellants." See, *Reserve Loan Life Ins. Co. v. Simmons,* 1928 OK 669, ¶ 9, 282 P. 279, 281.

**10.** To demonstrate you are the "holder" of the note under the UCC alleged Plaintiff must prove it's in possession of the note and the note is either "payable to bearer" (blank endorsement) or to an **identified** person that is the person in possession (special endorsement). Therefore, both possession of the note **and** an endorsement on the note or attached allonge are required in order for one to be a "holder" of the note.

**11.** Standing may be raised at **any stage** of the proceeding, and when raised, the party invoking the court's jurisdiction has the burden of establishing his or her standing. *Id at ¶ 10.* "Because there was a substantial issue of material fact concerning standing that should have been addressed, the court, sua sponte, should not have granted summary judgment and should have vacated its judgment upon the standing issue for further determination." *See West v. Justice,* 2008 OK CIV APP 49,¶ 9, 185 P.3d. 412, 414.

4

*192*

**12.** There is no support anywhere in the record for the implication that Alleged Plaintiff held the note at the commencement of the foreclosure. The Supreme Court of the State of Oklahoma has previously held: "Absent standing, a party's claim is not justiciable, and the courts will not inquire into the merits of the claim." *West v. Justice,* 2008 OK CIV APP 49,¶ 9, 185 P.3d. 412,414.

**13.** "Standing, as a jurisdictional question, may be correctly raised **at any level** of the judicial process or by the Court on its own motion. This Court has consistently held that standing to raise issues in a proceeding must be predicated on interest that is "direct, immediate and substantial." Standing determines whether the person is the proper party to request adjudication of a certain issue and does not decide the issue itself. The key element is whether the party whose standing is challenged has sufficient interest or stake in the outcome. See *Fent v. Contingency Review Board,* 2007 OK 27, footnote 19, 163 P.3d 512, 519. [emphasis added]

**14.** Alleged Plaintiff's authority to enforce the obligations and responsibilities established in the original promissory note needs to be determined prior to the request for relief by reason of the alleged breach of the obligation.

**15.** Absent standing, a party's claim is not justiciable, and the courts will not inquire into the merits of the claim. See *West v. Justice,* 2008 OK CIV APP 49,¶ 9, 185 P.3d. 412, 414. The court found foreclosure statutes and enforcement of negotiable instruments under UCC Article 3 governed here. The court erred in applying UCC, evidence rules and judicial notice.

193

## DEFENDANT IS LIKELY TO SUCCEED ON THE MERITS

## MEMORANDUM OF LAW IN SUPPORT

**16.** "As previously stated, the dispositive issue is whether or not Appellee has standing. Appellant's argument is based on the failure of Appellee to establish it was a person entitled to enforce the note at the commencement of the action. Appellee must demonstrate it became a "person entitled to enforce" prior to the filing of the foreclosure proceeding." See *West v. Justice*, 2008 OK CIV APP 49,¶ 9, 185 P.3d. 412, 414.

**17.** "Therefore, the failure to invoke the courts jurisdiction in the first instance means the court was deprived of jurisdiction from Alleged Plaintiff which renders the judgment void, Void Ab Initio, on the face of the record. Void judgments can always be challenged." See *Fent v. Contingency Review Board*, 2007 OK 27, footnote 19, 163 P.3d 512, 519.

**18.** Plaintiff must show it became a "person entitled to enforce" **prior to** the filing of the foreclosure proceeding. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570, n. 5, 112 S. Ct. 2130, 2142, 119 L. Ed.2d 351 (1992). *Fent v. Contingency Review Board*, 2007 OK 27, ¶ 7, 163 P.3d 512, 519–520. [emphasis added]

**19.** "If this were an appeal from the denial of a motion to vacate a default judgment, we would be guided by substantial authority. The Supreme Court "always has emphasized the discretion vested in the trial judge to vacate default judgments where justice would better be served by permitting a litigant to have his 'day in court.' " *Ferguson Enterprise., Inc. v. H. Webb Enterprise., Inc.*, 2000 OK 78, 14, 13 P.3d at 483-84. "The fact that we deal here with the disposition of a motion filed pursuant to 12 O.S.2001 § 2006(B), before default judgment was entered, does not require that we abandon the principles on which the vacation of default judgment cases were decided."

**20.** The standard of review for a trial court's ruling either vacating or refusing to vacate a judgment is abuse of discretion. *Ferguson Enterprises, Inc. v. Webb Enterprises, Inc.*, 2000 OK 78, 5, 13 P.3d 480, 482; *Hassell v. Texaco, Inc.*, 1962 OK 136, 372 P.2d 233. A clear abuse-of-discretion standard includes appellate review of both fact and law issues. *Christian v. Gray*, 2003 OK 10, 43, 65 P.3d 591, 608. An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law, or where

6

*194*

there is no rational basis in evidence for the ruling. *Fent v. Oklahoma Natural Gas Co.*, 2001 OK 35, 12;

27 P.3d 477, 481; *CPT Asset Backed Certificates, Series 2004-EC1 v. Kham.*

**21.** Res judicata consequences will not be applied to a void judgment which is one which, **from its**

**inception**, is a complete nullity and without legal effec*t, Allcock v. Allcock, 437 N.E.2d 392*

*(Ill.App.3 Dist. 1982).* [emphasis added]

**22..** A void judgment cannot constitute res judicata. Denial of previous motions to vacate a void

judgment could not validate the judgment or constitute res judicata, for the reason that the lack of judicial

power inheres **in every stage** of the proceedings in which the judgment was rendered. *Bruce v. Miller,*

360 P.2d 508, 1960 OK 266 (Okla. 12/27/1960). [emphasis added]

**23.** The court lacked jurisdiction in the first instance over this action inasmuch as Plaintiff has not, and

cannot establish it is the real party in interest to enforce the mortgage and/or note that is the subject of the

above-styled action.

**24.** The alleged Plaintiff has failed to state a claim upon which relief may be granted inasmuch as alleged

Plaintiff has not, and cannot establish it is the real party in interest to enforce the mortgage and note that

is the subject of the above-styled action.

**25.** The face of the record shows alleged Plaintiff lacks standing to pursue its claims against the

Defendants inasmuch, and lacked standing at the time this action was filed as the alleged Plaintiff has not,

and cannot establish it is the real party in interest to enforce the mortgage and note that is the subject of

the above-styled action.

**26.** At best any and all claims against Defendant are offset by the damages owed to Defendant by

Plaintiff in connection with the Defendants Right to Recoupment and Set-Off Pursuant to O.S Title 12(A)

3-305, 3-306 and O.S §12 1758.

## PLAINTIFFS WILL NOT BE HARMED BY A STAY

195

27. In contrast, granting of a stay pending determination will only delay—if the decision is affirmed the payment of damages to Plaintiffs. It is well-settled that there is no irreparable harm when damages are available as a remedy. See *Hughes Network Sys.*, 17 F.3d at 694.

28. Therefore, there is no harm to Plaintiffs that militates against the granting of a stay pending appeal.

## CONCLUSION

29. For the reasons set forth above, the Defendant respectfully submits that he is entitled to a stay pending decision as a matter of right. It is also a fundamental precept of the law to expect a foreclosing party to actually be in possession of its claimed interest in the note, and to have the proper supporting documentation in hand when filing suit, showing the history of the note, so the defendant is duly apprised of the rights of the plaintiff. A defendant needs to be assured it is being sued by the person who can rightfully enforce the note, otherwise, it potentially opens the defendant to multiple actions on a single note.

30. Should the court require additional time to evaluate this motion Defendant asks the court for a temporary stay pending consideration of this emergency motion to prevent irreparable harm.

31. Conversely, there is no harm in granting the stay.

**WHEREFORE,** Defendant respectfully requests relief in accordance with the foregoing as Defendant therefore asks this Court to enter an order staying its judgment until such time a determination is made.

Respectfully Prepared and submitted by: _____

Stephen N Lynch for Lynch Family Revocable Trust
All Rights Reserved

196

### AFFIDAVIT AND VERIFICATION

STATE OF OKLAHOMA )
                    ) ss
COUNTY OF OSAGE   )

On this 22nd day of March, two-thousand-thirteen, before me,

_Paula P Taylor_ (Notary), personally appeared Stephen N Lynch , representative

for Lynch Family Revocable Trust, who proved to me on the basis of satisfactory evidence of

(identification) to be the person whose name subscribed to the within instrument and acknowledged to me

that he executed the same in his authorized capacity and that by his signature on the instrument the

person/s, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Oklahoma that all the facts stated

therein are true and correct.

by: _[signature]_

          Stephen N Lynch for Lynch Family Revocable Trust, All Rights Reserved

Subscribed and sworn to me this ___22___ day of March, 2013.

WITNESS my hand and official seal,

_Paula P Taylor_

My Commission Expires:___8-25-13___

                               05007967

### CERTIFICATE OF MAILING

I, Stephen N Lynch, do hereby solemnly declare that on the 22nd day of March, 2013, I did cause to be

delivered by certified return receipt mail, a true and correct copy of the foregoing document to: Scott

Lehman, 15908, Latham, Wagner, Steele Lehman, P.C.. 10441 S. Regal Blvd,, Suite 200 Tulsa, Ok.

74133

Certified Mail Number: _____

by: _[signature]_

          Stephen N Lynch, All Rights Reserved