MAR-22-2013  14:36        RICHARDSON                           9184931925    P.004

IN THE DISTRICT COURT IN AND FOR OSAGE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| BOKF, N.A. D/B/A BANK OF OKLAHOMA, ) <br> SUCCESSOR BY MERGER TO BANK OF ) <br> OKLHAOMA, N.A., ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> STEPHEN NICHOLAS LYNCH a/k/a NICK ) <br> LYNCH and GWENNA KAY LYNCH a/k/a ) <br> GWENNA LYNCH a/k/a GWENNA KAY ) <br> MORRISON a/k/a GWENNA KAY ) <br> MORRISON LYNCH, Husband and Wife, et al., ) <br>   ) <br> Defendants. ) | Case No. CJ-2012-37 <br> *Honorable Judge Gambill* |

### OBJECTION TO CONFIRMATION OF SHERIFF'S SALE OR, ALTERNATIVELY, TO CONTINUE THE HEARING ON THE <u>MOTION TO CONFIRM SALE PENDING REDEMPTION</u>

COMES NOW, Defendant Lynch Family Revocable Trust (the "Trust"), by and through its counsel of record Richardson Richardson Boudreaux Keesling, PLLC, and hereby submits this Objection to Confirmation of Sheriff's Sale, or Alternatively, to Continue the Hearing on the Motion to Confirm Sale Pending Redemption. In support hereof, the Trust states as follows:

*RELEVANT FACTUAL BACKGROUND*

1. The Lynch Family Revocable Trust is the current owner of the property at issue in the above-captioned matter, located at 12925 N. 68th West Avenue, Skiatook, Oklahoma 74070 (the "Property"), more fully described as:

> A tract of land in the WW/4 of Section 31, Township 22 North, Range 12 East of the Indian Base and Meridian, Osage County, Oklahoma, particularly beginning 880 feet West of the center of above described Section 31; Thence West 880 feet; Thence South 1980 feet; Thence East 882.9 feet; Thence North 1980 feet to the Point of the Beginning.



2. On February 26, 2013, under special execution and order of sale, the Sheriff of Osage County conducted a sale of the Property.

3. Christopher Pettet and Valerie Mitchell were the highest bidders for the Property at the sale, in the amount of $346,840.00.

4. On February 26, 2013, Plaintiff BOKF, N.A. d/b/a Bank of Oklahoma, successor by Merger to Bank of Oklahoma, N.A. ("Plaintiff") filed the subject Motion to Confirm Sheriff's Sale.

5. The Hearing on the Motion to Confirm Sheriff's Sale is scheduled to occur on March 25, 2013.

6. The Trust has been working with lenders to secure financing to redeem the Property.

7. The lender has confirmed the financing, as evidenced by the letter attached hereto as Exhibit "A".

8. The closing on the loan and the funding of the payments will take place upon receipt of three final items: 1) a final gap check concerning title of the Property, and 2) a final pay-off letter from Co-Defendant/*In Rem* Judgment Creditor KRC, and 3) verbal confirmation of the updated payoff amount due to BOKF, N.A..

## *ARGUMENTS AND AUTHORITIES*

Pursuant to 42 O.S. § 18, "[e]very person having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed." The right to redeem means that upon discharge of the debt creating a lien in property, the owner is entitled, by force of law, to have the property relieved of the lien and his estate restored. *Coursey v. Fairchild*, 1967 OK 252, 436 P.2d 35, 38. The right of

redemption remains, even after a sheriff's sale, up and until judicial confirmation. *Sooner Federal Sav. & Loan Ass'n v. Okla. Cent. Credit Union*, 1989 OK 170, 790 P.2d 526, 529. "This is so because by statute a judicial sale on foreclosure is neither conclusive nor binding in the sense of transferring legal title to the purchaser until it is effectively confirmed. *Id.* citing 12 O.S. § 765. When an objection to a confirmation of a sheriff's sale has been filed and served, the Court may continue the hearing or make such other orders as are necessary to allow the property owner to adequately support such objections. 12 O.S. § 765(B). Moreover, the Court has its own inherent powers outside the statute to disapprove the sale and deny the motion to confirm the sale in order to allow the owner to exercise his right to redeem. *Hays v. Burton*, 1958 OK 26, 321 P.2d 701, 704.

In this case, the current title owner of the Property is the Lynch Family Revocable Trust (the "Trust"). As owner with a title interest in the Property, the Trust has a legal right to redeem the Property from any lien holders up and until confirmation of a judicial sale. The confirmation has not yet occurred on the Property, so the Trust's right of redemption has not been extinguished. The Trust has been working with lenders to achieve financing to exercise the Trust's right of redemption. The title company is prepared to close the loan pending receipt of final confirmation documents. Upon receipt of the funds, the closing will ensure payments in full to Plaintiff and KRC to extinguish their liens on the Property and to fully restore the estate to the Trust. Consequently, the Trust objects to the confirmation of sheriff's sale scheduled to occur on March 25, 2013. The Trust requests the Court deny the requested Confirmation. Alternatively, the Trust requests the Court continue the hearing on the Motion to Confirm Sale for a minimum of fifteen (15) days to allow the Trust to complete the closing for funds, provide adequate support of the redemption and this objection.

## CONCLUSION

WHEREFORE, the Lynch Family Revocable Trust respectfully prays the Court deny the subject Motion to Confirm Sale to allow the Trust to exercise its right of redemption of the Property. Alternatively, the Trust respectfully prays the Court continue the hearing on the Motion to Confirm Sale for a minimum of fifteen (15) days to allow the Trust to provide the necessary support concerning this objection and the right of redemption and for such further relief as the Court deems just and proper.

Respectfully submitted,

**RICHARDSON RICHARDSON BOUDREAUX KEESLING, PLLC**

_____
David R. Keesling, OBA # 17881
Heidi L. Shadid, OBA # 22897
7447 S. Lewis Ave.
Tulsa, OK 74136
(918) 492-7674 Phone
(918) 493-1925 Fax
drk@rrbklaw.com
hls@rrbklaw.com
*Attorneys for the Lynch Family Revocable Trust*

## CERTIFICATE OF SERVICE

True and correct copies of the foregoing document were served this 22nd day of March, 2013, via U.S. Mail, postage paid and facsimile, on the following counsel of record and unrepresented parties:

Eric Daffern
**Daffern Law Firm, PLLC**
Southbridge Office Park
1719 E. 71st Street
Tulsa, OK 74136

Robert B. Sartin
**Barrow & Grimm, P.C.**
110 W. Seventh Street, Suite 900
Tulsa, OK 74119-1044

Scott F. Lehman
**Lathan, Wagner, Steele & Lehman, P.C.**
1800 S. Baltimore, Suite 500
Tulsa, OK 74119

Gentner F. Drummond
**Drummond Law Firm, PLLC**
1500 S. Utica, Suite 400
Tulsa, OK 74104

William G. Gowing
2413 E. Oakland St.
Broken Arrow, OK 74014

R. Tom Hillis
Assistant District Attorney
P.O. Box 147
Pawhuska, OK 74056

_____
*Attorney for the Lynch Family Revocable Trust*

MAR-22-2013  14:37     RICHARDSON                              9184931925    P.009

# DRYER AND ASSOCIATES, P.C.
## DAVID M. DRYER, ESQ.*
### 5110 SOUTH YALE AVENUE
### SUITE 430
### TULSA OKLAHOMA 74135
### (918) 712-9172 Phone (918) 712-2692 Fax
*also licensed in Arkansas

## TELECOPY INFORMATION PAGE

**TO:**
David R. Keesling
Heidi Shadid
Richardson Richardson Boudreaux Keesling

**DATE:**
March 22, 2013

**FROM:** David M. Dryer

**FAX NUMBER:** 918-493-1925

**RE:** BOKF, N.A. v. Stephen Nicholas, et al
Osage County Case No. CJ-2012-37

**NUMBER OF PAGES:**
(Including Cover Page)

**TIME:**

After the last page is transmitted, please call our office at (918) 712-9172, and advise if the pages are not all received and readable.

**MESSAGE:**

Please See Attached


EXHIBIT A

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYER OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THE COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

# DRYER AND ASSOCIATES, P.C.
## DAVID M. DRYER, ESQ.*
### 5110 SOUTH YALE AVENUE
### SUITE 430
### TULSA OKLAHOMA 74135
### (918) 712-9172 Phone (918) 712-2692 Fax

*Also licensed in the State of Arkansas

March 22, 2013                                via fax 918-493-1925


Re:   BOKF, N.A. v. Stephen Nicholas, et al.
      Osage County Case No. CJ-2012-37


David R. Keesling
Heidi Shadid
Richardson Richardson Boudreaux Keesling
7447 South Lewis Avenue
Tulsa, Oklahoma 74136-6808


Dear Ms. Shadid

   Please be advised that our company is ready to close the loan on 12925 N 68th West Ave, Skiatook, Oklahoma 74070 upon receipt of the following three items.

   -Gap Check with an effective date good through today, March 22, 2013
   -Written Confirmation of Payoff due to Kleinco Residential Construction, LLC
   -Verbal Confirmation of the updated payoff amount due to BOKF, N.A.

Sincerely,

/David M. Dryer
David M. Dryer

DMD/lld