**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re<br>LYNCH, STEPHEN NICHOLAS,<br>LYNCH, GWENNA KAY,<br><br>　　　　Debtors<br>_____<br>STEPHEN NICHOLAS LYNCH,<br><br><br>　　　　Plaintiff/Debtor,<br><br>v.<br><br>KENNETH K. KLEIN, JUDI KLEIN;<br>KRISTIN KLEIN DAFFERN; ERIC M.<br>DAFFERN; KLEINCO RESIDENTIAL<br>CONSTRUCTION, LLC, an Oklahoma Limited<br>Liability Company; ROBERT B. SARTIN;<br>PATRICK J. MALLOY, III; C. ROBERT<br>BURTON, IV; BOKF, N.A.; SCOTT F.<br>LEHMAN; CFR, INC.; WESTPORT<br>INSURANCE CORPORATION; BRUCE A.<br>MCKENNA; CHRISTOPHER PETTET;<br>VALERIE MITCHELL, DISTRICT COURT<br>IN FOR OSAGE COUNTY, OKLAHOMA;<br>DISTRICT COURT FOR TULSA COUNTY,<br>OKLAHOMA<br><br>　　　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 11-12457-M<br>Chapter 7<br><br><br><br><br>Adv. Case No. 14-AP-<br>　　01059-TRC |

**COMBINED MOTION TO DISMISS AND BRIEF IN SUPPORT OF
DEFENDANTS KENNETH K. KLEIN, JUDI KLEIN, KRISTIN KLEIN DAFFERN, ERIC
M . DAFFERN, KLEINCO RESIDENTIAL CONSTRUCTION, LLC, STEVEN W.
SOULÉ[1] AND ROBERT B. SARTIN**

---

[1] Steven W. Soulé does not appear in the caption of this Adversary Proceeding but is referred to as a Defendant throughout the First Amended Adversary Complaint. Mr. Soulé has not been served with a summons. Nevertheless, all of the arguments for

Defendants Kenneth K. Klein, Judi Klein, Kristin Klein Daffern, Eric M. Daffern, Kleinco Residential Construction, LLC ("KRC"), Steven W. Soulé ("Soulé"), and Robert B. Sartin ("Sartin") (collectively "Defendants") hereby move to dismiss the claims brought by Plaintiff Stephen Nicholas Lynch's ("Plaintiff") First Amended Adversary Complaint ("the Complaint") pursuant to Rule 12(b)(6) (made applicable in this Court by Fed. R. Bankr. P., Rule 7012(b)). The claims against Defendants have no legal merit on their face and should, therefore, be summarily dismissed. [2]

Plaintiff advances eight (8) claims against Defendants: [3]

(i) <u>First Cause of Action</u> [¶¶161-166, pp. 36-37] alleging that an Order Approving Compromise (as herein defined) is void for lack of jurisdiction;

(ii) <u>Second Cause of Action</u> [¶¶167-171, p. 37], alleging that the Order Approving Compromise is void for fraud upon the Court;

(iii) <u>Third Cause of Action</u> [¶¶171-175, pp. 37-38], alleging that Orders granting relief from the automatic stay are void for fraud upon the Court;

(iv) <u>Fifth Cause of Action</u> [¶¶179-181, p. 39], alleging that Defendants KRC, Sartin, and Eric Daffern violated the automatic stay; and

(v) <u>Eighth Cause of Action</u> [¶¶188-193, pp. 40-41], alleging that the Osage County Case (as herein defined) is void for lack of jurisdiction, fraud upon the Court,

---

dismissal of the First Amended Adversary Complaint apply with equal force to all claims asserted against him, and any Order of dismissal should dismiss all claims against Mr. Soulé.

[2] Granting the Motion to Dismiss would render moot Plaintiff's Motion for Partial Summary Judgment filed January 14, 2015 [Doc. No. 43], which sought to quiet title to the foreclosed property.

[3] These Defendants are not all the subject of each of the eight causes of action at issue here; some causes of actions only apply to certain of these Defendants. This Motion will identify which Defendants are the subject of each cause of action.

and violation of the automatic stay;

(vi) <u>Ninth Cause of Action</u> [¶¶194-198, p. 41], alleging the Tulsa County Case (as herein defined) is void for fraud upon the Court and violation of the automatic stay;

(vii) <u>Tenth Cause of Action</u> [¶¶199-201, pp. 41-42], alleging Plaintiff's homestead property was never exempted or abandoned;

(viii) <u>Eleventh Cause of Action</u> [¶¶202-205, p. 42] alleging that Defendants were part of a conspiracy to commit fraud; and

(ix) Thirteenth Cause of Action [[¶¶209-211, p. 43] alleging that Defendant Sartin has a conflict of interest.

None of the claims have any legal merit. Further, Plaintiff has omitted critical facts which demonstrate that factually, the claims should be dismissed. Defendants echo the statements made by Defendant Patrick J. Malloy III ("Malloy") in the introduction to his motion to dismiss filed January 20, 2015, at Docket Number 45.

The claims in this case are "the greatest abuse of process and vexatious litigation perpetrated by an attorney" that the undersigned counsel have seen in 25 plus years of practicing law. Defendants request that the Court grant the sanctions against the Plaintiff and his counsel as requested by the Trustee and the Bank of Oklahoma in their respective pleadings.

## MOTION TO DISMISS STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must include in the complaint 'enough facts to state a claim to relief that is plausible on its face.'" *In re Burton*, 463 B.R. 142, *2 (10th Cir. BAP 2010) (Table) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "This requires 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.*

Under these standards, the claims against these Defendants are neither factually plausible nor legally maintainable. The nine causes of action, therefore, must be dismissed.

## RELEVANT FACTUAL ALLEGATIONS

The following factual allegations relevant to the causes of action asserted against Defendants are gleaned exclusively from the Complaint and pleadings filed in the relevant cases which are matters of public record of which Defendants request the Court take judicial notice.[4]

1. On August 25, 2011 (the "Petition Date"), Debtors Stephen Nicholas Lynch and Gwenna Kay Lynch ("Debtors") filed their voluntary petition with this Court for relief under Chapter 11 of the United States Bankruptcy Code. *See* Complaint, ¶66. On October 11, 2011, on the request of the Debtors, the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code. *See id.* at ¶70.

2. On January 9, 2012, KRC filed an Adversary Complaint against Debtors objecting to the dischargeability of Debtors' debt to Kleinco. *See id.* at ¶75.

3. On January 19, 2012, KRC filed an objection to Debtors' claim of homestead exemption in certain real property (the "Real Property") in Osage County.

---
[4] *See Andrews v. JM Davis*, 201 F.3d 521 (4th Cir. 2000) (Court may consider matters of public record when evaluating motion to dismiss under Fed.R.Civ.P. 12(b)(6)).

4

*See id.* at ¶ 77.

4. On February 12, 2012, Defendant Bank of Oklahoma ("BOK") filed a Petition in Foreclosure against the Real Property in Osage County (the "Forecloure Case"). *See id.* at ¶79.

5. On July 2, 2012, KRC filed its Motion for Relief from Stay and Notice of Opportunity for Hearing. *See id.* at ¶ 90. On July 18, 2012, this Court entered an Order granting KRC relief from the automatic stay to assert its constructive trust claim against the Debtors and the Real Property in order to preserve and protect its interest in the Real Property in the Foreclosure Case. *See id.* at ¶95.

6. On July 18, 2012, the Court also granted KRC's Objection to Debtors' Claim of Exemption. *See id.* at ¶¶ 94, 97. This Order stated that the Court was not ruling on KRC's constructive trust claim but would allow KRC to establish its constructive trust claim in the Foreclosure Case. *See* Doc. 118 at 3, ¶13.

7. On November 14, 2012, Defendant Patrick J. Malloy III, the appointed Chapter 7 Trustee for the Debtors' bankruptcy case, filed a Motion to Approve Compromise of Controversies ("Motion to Compromise"). *See id.* at ¶126; Doc. 130. The Motion to Compromise gave the Debtors notice of opportunity for hearing and 14 days to object. *See* Doc. 130. The Motion to Compromise provided that as part of the proposed settlement, the Debtors would (i) execute an Agreed Judgment against the Debtors in the Adversary Proceeding in favor of KRC in the amount of $1,078.064.33, which would be nondischargable and (ii) execute an Agreed Judgment in the Foreclosure Case in favor of KRC and against the Debtors in the sum of $157,811.16. *See id.*

5

8. On November 30, 2012, the Court entered its Order approving the Motion to Compromise ("Order Approving Compromise"). *See* Complaint at ¶130; Doc. 133.

9. On December 3, 2012, an Agreed Judgment was filed with the Court in favor of KRC in the amount of $1,078,064.33, and was nondischargable. *See* Complaint at ¶ 137; Doc. 134. The Agreed Judgment was signed by the Debtors. *See* Doc. 134.

10. On December 7, 2012, a Consent Journal Entry of Judgment and Decree of Foreclosure was filed in the Foreclosure Case. *See* Complaint at ¶ 139. The Consent Journal Entry was signed by the Debtors.

11. On January 9, 2013, KRC filed a Foreign Entry of Judgment in Tulsa County (the "Tulsa County Case"), to collect the Agreed Judgment in the amount of $1,078,064.33 entered in the bankruptcy case. *See* Complaint at ¶ 141.

12. On August 14, 2014, almost two years after entry of the Order Approving Compromise, Plaintiff filed a "Notice of Appeal and/or Motion to Vacate," seeking to vacate the Order Approving Compromise. *See* Doc. 156.

13. On September 29, 2014, the Bankruptcy Appellate Panel ("BAP") dismissed the Notice of Appeal and/or Motion to Vacate as untimely. *See* Doc. 165, 166.

14. On October 20, 2014, this Court entered a minute order finding the Motion to Vacate "fatally deficient" because it "contain[ed] no legal or factual support for [its] conclusion." *See* Doc. 168. The Court gave Debtors until October 30, 2014 to file a supplement stating the legal and factual basis for their contention that the Order Approving Compromise is void and subject to being set aside. *See id.*

15. On October 31, 2014, after Debtors failed to file any supplement, this Court denied the Motion to Vacate. *See* Doc. 169.

16. On November 4, 2014, Plaintiff initiated this Adversary Complaint. *See* Doc. 171.

These facts establish that factually, plaintiff can assert no plausible claims against Defendants. As addressed below, his claims also have no legal value whatsoever and should be summarily dismissed.

## ARGUMENT AND AUTHORITIES

**I. The First and Second Causes of Action should be dismissed because they are barred by the doctrines of res judicata and/or collateral estoppel.**

The first and second causes of action state that the Order Approving Compromise is void because the Plaintiff did not agree to the settlement agreement or Judgments executed pursuant thereto, and did not receive proper notice of the Motion to Compromise.[5] These claims should be dismissed because, even accepting all allegations in the Complaint as true, they are barred by the doctrine of res judicata and/or collateral estoppel[6] for the following reasons: (1) Plaintiff did not object to the Motion to Compromise despite being given notice and opportunity to do so, (2) Plaintiff did not timely appeal the Agreed Judgment entered in the bankruptcy case pursuant to the Motion to Compromise, (3) Plaintiff did not file a supplemental Motion to Vacate the

---

[5] The first and second causes of action are almost entirely duplicative. The first cause of action states that the Order Approving Compromise is void because the Court did not have jurisdiction and violated Plaintiff's due process rights by entering the Order. The second cause of action states that the Order Approving Compromise is void for fraud upon the Court. Both purported reasons why the Order is "void" are based on the same factual allegations.

[6] The law on res judicata and collateral estoppel is more fully set out in the Motion to Dismiss filed by the Trustee (Adv. Doc. 45), and Defendants incorporate by reference all arguments contained in the Trustee's Motion to Dismiss

Order Approving Compromise after being given an opportunity to do so, and (4) Plaintiff did not appeal the Order denying the Motion to Vacate.

II. **The Third Cause of Action should be dismissed because the Foreclosure Case was not barred by a previous foreclosure case that concerned a different promissory note.**

The Third Cause of Action alleges that this Court's Order granting stay relief to KRC is void due to fraud upon the Court. The entire basis for this claim is that Defendants KRC, Sartin and Soulé committed fraud by failing to inform this Court that Defendant BOK had previously dismissed a foreclosure case against Plaintiff with prejudice and, therefore, could not obtain stay relief to litigate a claim that should now be barred. Defendant BOK's fully addresses this argument in its Motion to Dismiss (Adv. Doc. 46) and these Defendants incorporate by reference BOK's arguments in their entirety. As explained in BOK's Motion to Dismiss, BOK was not precluded from bringing a subsequent foreclosure case (what is referred to here as the "Foreclosure Case") because the two foreclosure cases were based on the default of two different promissory notes. Therefore, the issues in the two cases are not identical and the preclusion bar does not apply.

It is undisputed that on July 2, 2012, KRC filed its Motion for Relief from Stay. That Motion contained a notice of opportunity for hearing and notice was given to Plaintiff. Plaintiff did not object to the request for stay relief and the Court granted stay relief on July 18, 2012. Accordingly, the grant of stay relief was proper and this cause of action should be dismissed.

8

III. **The Fifth Cause of Action should be dismissed because the Tulsa County Case is the enforcement of a non-dischargeable judgment not requiring relief from the automatic stay.**

The Fifth Cause of Action against Defendants KRC, Sartin and Eric Daffern is for violation of the stay with respect to the filing of the Tulsa County Case. This claim should be dismissed because the Agreed Judgment for $1,078.064.33, filed in the bankruptcy case was non-dischargeable. "[O]nce a Bankruptcy Court enters its judgment holding a debt nondischargeable, the automatic stay does not preclude execution of the judgment against property of the debtor. . . ." *In re Embry*, 10 F.3d 401, 404 (6th Cir. 1993); *see also In re Arneson*, 282 B.R. 883 (B.A.P. 9th Cir. 2002)( "adversary proceeding judgment functions as a de facto grant of stay relief for judgment enforcement purposes"). As a result, no stay relief was needed in order to domesticate and collect the Agreed Judgment in the Tulsa County Case.

Plaintiff could have objected to the Motion to Compromise which contained the provision allowing entry of the Agreed Judgment in the bankruptcy case. Plaintiff did not do so. He also could have timely appealed the Order Approving Compromise. He did not do so, and a belated attempt to "appeal" the Order Approving Compromise nearly two years later was denied as untimely by the Tenth Circuit BAP. This Court also gave Plaintiff an opportunity to supplement a Motion to Vacate the Order Approving Compromise, which Plaintiff did not do. Once the Court denied the Motion to Vacate, Plaintiff did not appeal that decision either. As a result, the Agreed Judgment (which provided that it was non-dischargeable) is a final, non-appealable order and it was entirely proper for Defendants to enforce that judgment in the Tulsa County Case. This cause of action should therefore be dismissed for failure to state a

9

claim.

IV. **The Eighth Cause of Action should be dismissed because this Court granted Defendant KRC's Objection to Debtors' homestead exemption and granted Defendant KRC permission to establish its constructive lien claim in the Foreclosure Case.**

The Eight Cause of Action is essentially identical to the Third Cause of Action.[7] The Eighth Cause of Action claims that the Foreclosure Case in Osage County is void for lack of jurisdiction, fraud upon the Court, and violation of the stay because Defendants KRC, Soule, Sartin, and Daffern knew that BOK had dismissed a previous foreclosure case against Debtors. Defendants incorporate by reference the arguments made in response to the Third Cause of Action.

On July 18, 2012, this Court entered an Order granting KRC relief from the automatic stay to assert its constructive trust claim against the Debtors and the Real Property in order to preserve and protect its interest in the Real Property in the Foreclosure Case. On July 18, 2012, the Court also granted KRC's Objection to Debtors' claim of a homestead exemption on the Real Property in Osage County. This Order stated that the Court was not ruling on KRC's constructive trust claim but would allow KRC to establish its constructive trust claim in the Foreclosure Case. Further, as part of the Motion to Compromise as approved by the Order Approving Compromise, on December 7, 2012, a Consent Journal Entry of Judgment and Decree of Foreclosure was filed in the Foreclosure Case. The Consent Journal Entry of Judgment was signed by by the Plaintiff and his wife. As a result, the Foreclosure

---

[7] The only difference between the Third and Eighth Causes of Action is that the Third Cause of Action claims the order granting stay relief was void while the Eighth Cause of Action states that the Foreclosure Case is void. Both are premised on the same allegation -- Defendants failed to inform the Court of the previous foreclosure case.

Case is not void for lack of jurisdiction, is not a fraud upon the Court, and does not violate the automatic stay. This cause of action should accordingly be dismissed for failure to state a claim.

V. **The Ninth Cause of Action should be dismissed because the Tulsa County Case is the enforcement of a non-dischargeable judgment not requiring relief from the automatic stay.**

The Ninth Cause of Action is essentially identical to the Fifth Cause of Action. The only difference between the Fifth and Ninth Causes of Action is that the Fifth Cause of Action claims the filing of the Tulsa County Case violated the automatic stay while the Ninth Cause of Action states that the Tulsa County Case is void for fraud upon the Court and violation of the stay. Both are premised on the same allegation -- Defendants commenced the Tulsa County Case without obtaining stay relief. As explained in the discussion of the Fifth Cause of Action, obtaining stay relief was not necessary to commence the Tulsa County Action because the automatic stay does not preclude execution of the Agreed Judgment, which is non-dischargeable.

VI. **The Tenth Cause of Action should be dismissed**

The Tenth Cause of Action alleges the Real Property was never exempted or abandoned and is still property of the Debtors' bankruptcy estate. This claim should be dismissed because, as explained in BOK's Motion to Dismiss (which these Defendants adopt and incorporate by reference), the Court granted Defendant BOK relief from the automatic stay to foreclose on the Real Property. BOK was granted summary judgment in the Foreclosure Case and the Real Property was sold at Sheriff's sale. The Court also granted KRC relief from the automatic stay to preserve and protect its interest in the constructive trust lien claim against the Real Property, after the first

mortgage of BOK was paid. It is, thus, irrelevant whether the Real Property was abandoned. After being granted stay relief, both BOK and these Defendants could proceed against the Real Property, with the bankruptcy estate retaining an interest in any remaining proceeds of the sale of the Real Property after BOK and these Defendants' claims were satisfied. *See Catalano v. I.R.S.*, 279 F.3d 682, 686-87 (9th Cir. 2002).

**VII. The Eleventh Cause of Action should be dismissed**

Plaintiff's conspiracy cause of action should also be dismissed for failure to state a claim. "A civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means." *Brock v. Thompson*, 948 P.2d 279, 294 (Okla. 1997). "[C]ivil conspiracy itself does not create liability. To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means. There can be no civil conspiracy where the act complained of and the means employed are lawful." *Id.* The Eleventh Cause of Action should be dismissed because, even accepting the Complaint's allegations as true, Defendants did not commit an unlawful act or do a lawful act by unlawful means.

Plaintiff's conspiracy theory is that the Defendants all conspired to file various actions which were maliciously prosecuted, entailed abuse of process, and violated the automatic stay. Defendant Trustee's Motion to Dismiss thoroughly explains why Plaintiff has not shown how any Defendant has committed malicious prosecution or abuse of process, and these Defendants fully incorporate Defendant Trustee's arguments herein. Furthermore, lifting of the automatic stay cannot provide a basis for the conspiracy claim because, as explained with respect to the Third, Fifth, Eighth, and

Ninth Causes of Action, all stay relief granted in this case was entirely lawful and justified. Therefore, Plaintiff cannot state a conspiracy claim because "[t]here can be no civil conspiracy where the act complained of and the means employed are lawful." *See id.*

**VIII. The Thirteenth Cause of Action Against Defendant Sartin should be dismissed.**

The sole basis identified by Plaintiff for his purported claims against Mr. Sartin is an alleged conflict of interest arising out of Mr. Sartin's purported prior representation of Plaintiff and his wife. Notwithstanding the fact that Plaintiff's claim is unequivocally false insofar as Mr. Sartin never represented Plaintiff or his wife personally, even taking Plaintiff's allegations as true, Plaintiff's claim is barred by waiver because Plaintiff waited over six (6) years to raise the issue.

Plaintiff's argument is necessarily premised on the notion that KRC somehow did not have the right to choose Mr. Sartin as its counsel due to a purported conflict of interest. Effectively, Plaintiff seeks to reverse the Court's Order to retroactively disqualify Mr. Sartin from representing KRC in this case. With respect to attorney conduct, the United States Bankruptcy Court for the Northern District of Oklahoma has adopted the Oklahoma Rules of Professional Conduct, Title 5 of the Oklahoma Statutes, Chapter 1, App. 3-A. *See* Bankr. N.D. Okla. LR 9010-1(E). Under Oklahoma law "the barrier a party must surmount to secure the disqualification of his opponent's counsel is **high**." *Hayes v. Central States Orthopedic Specialists, Inc.*, 2002 OK 30, ¶ 9, 51 P.3d 562, 565. (emphasis added). That is because "*[l]egal practitioners are not interchangeable commodities.*" *Id.* (Emphasis in original). Thus, the Court should only consider disqualifying counsel "if and only if, the Court is

13

satisfied that a real harm is likely to result from failing to invoke it" such that declining to disqualify counsel "would threaten the integrity of the judicial process." *Id.* ¶¶ 9, 10; 51 P.3d at 565.

    Due to the significant risk that a party may seek to disqualify opposing counsel for strategic purposes, courts recognize waiver based on undue delay as a basis for denying the requested disqualification. *Id.* ¶ 10, 51 P.3d at 565. Stated otherwise, an unjustified delay increases the likelihood that the motion is being propounded for strategic reasons. This is true whether the case is in federal or state court as federal courts also recognize that "[a]n unjustified delay in filing a motion to disqualify is sufficient grounds for denying the request." *Layne Christensen Co. v. Purolite Co.*, 2011 U.S. Dist. LEXIS 30471 * 48 (D. Kan. 2011) (holding a one year delay in seeking disqualification was unjustified and a basis for denying claim).

    In his First Amended Adversary Complaint [Dkt. 12] Plaintiff alleges that KRC, at all times represented by Mr. Sartin, first initiated an action against Plaintiff and his wife on November 30, 2008, in a lawsuit styled *Kleinco Residential Construction, LLC v. Gwenna Kay Lynch and Stephen N. Lynch*, Tulsa County Case No. CJ-2008-8160. Until the Adversary Complaint [Dkt. 1] filed herein on November 4, 2014, neither Plaintiff nor his wife had ever raised the issue of Mr. Sartin's purported conflict in representing KRC. Indeed, Plaintiff does not allege in his First Amended Adversary Complaint that he previously raised the issue, nor does he offer any reason for the six (6) year delay in raising the issue.

    The *Hayes* Court found that a party waived their right to object to their opponent's counsel due to a conflict of interest by waiting eight (8) month to raise the

14

issue. *Hayes*, 2002 OK 51, ¶ 14, 51 P.3d at 566. In so holding, the *Hayes* Court recognized that the hardship on the party opponent retaining other counsel was significantly greater than the threat of harm from an alleged conflict that did was not considered material enough for the moving party to raise during the eight (8) months after it was discovered. *Id*. Similarly, Plaintiff waited ***six (6) years*** after protracted contentious litigation commenced to raise the issue of Mr. Sartin's purported conflict of interest. Any risk of harm to Plaintiff is significantly outweighed by the hardship on all of the other defendants in this adversary proceeding to unwind a settlement that was approved by all parties and the Court over two (2) years ago. Clearly, if Plaintiff had genuine and credible concerns regarding Mr. Sartin's representation of KRC, Plaintiff would have raised those concerns long ago when this case was in the midst of contentious litigation.

Irrespective of merit, which is wholly absent, Plaintiff waived any right it may have had to seek to disqualify Mr. Sartin from representing KRC through his inexcusable delay in waiting six (6) years to raise the issue, long after the conclusion of the matter. Therefore, Plaintiff has not and cannot state a claim against Mr. Sartin based on his purported conflict of interest in representing KRC. As the purported conflict of interest serves as the sole basis for any claims against Mr. Sartin, Plaintiff's claims against Mr. Sartin should be dismissed in their entirety.

## **CONCLUSION AND RELIEF REQUESTED**

These Defendants are fully supportive of the relief requested by the Trustee against the Plaintiff and his counsel for abuse of process and vexatious litigation in filing this complaint. Additionally, these Defendants respectfully request that the Court grant their Motion, dismiss all causes of action against any of these Defendants with prejudice, and award these Defendants all fees and expenses incurred in preparing this Motion.

Respectfully submitted,

By: *s/Steven W. Soulé*
Steven W. Soule, OBA # 13781
Conor P. Cleary, OBA # 30046
HALL ESTILL HARDWICK GABLE GOLDEN & NELSON, P.C.
320 S. Boston Ave., Suite 200
Tulsa, Oklahoma 74103
Phone: (918) 594-0400
Facsimile: (918) 594-0505

AND


/s/ *Robert B. Sartin*

Robert B. Sartin, OBA No. 12848
Cori D. Powell, OBA No. 21328
BARROW & GRIMM, P.C.
110 West 7th Street, Suite 900
Tulsa, OK  74119-1044
(918) 584-1600
(918) 585-2444 (Fax)

*Attorneys for Defendants, Kenneth K. Klein, Judi Klein, Kristin Klein Daffern, Eric M. Daffern, Kleinco Residential Construction LLC, Steven W. Soulé, and Robert Sartin*

16

## CERTIFICATE OF SERVICE

    I do hereby certify that on January 27, 2015, a true and correct copy of the foregoing document, was filed electronically with the United States Bankruptcy Court for the Northern District of Oklahoma and served via CM-ECF electronic service.

By: *s/Steven W. Soule*

2211189.1:521018:01290