UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STEPHEN NICHOLAS LYNCH and ) | |
| GWENNA KAY LYNCH ) | |
|       Debtors. ) | |
| ) | |
| ) | |
| ) | |
| STEPHEN NICHOLAS LYNCH ) | |
| ) | |
|       Plaintiff/Debtor, ) | |
| ) | Case No. 11-12457-M |
| v. ) | (Chapter 7) |
| ) | Adv. No. 14-01059-M |
| KENNETH K. KLEIN, JUDI KLEIN; ) | |
| KRISITIN KLEIN DAFFERN; ERIC M. ) | |
| DAFFERN; KELINCO RESIDENTIAL ) | |
| CONSTRUCTION, LLC, an Oklahoma ) | |
| Limited Liability Company; ROBERT B. ) | |
| SARTIN; PATRICK J. MALLOY, III; C. ) | |
| ROBERT BURTON, IV; BOKF, N.A.; ) | |
| SCOTT F. LEHMAN; CFR, INC.; ) | |
| WESTPORT INSURANCE CORPORATION; ) | |
| BRUCE A. MCKENNA; CHRISTOPHER ) | |
| PETTET; VALERIE MITCHELL; DISTRICT ) | |
| COURT IN FOR OSAGE COUTNY, ) | |
| OKLAHOMA; DISTRICT COURT FOR ) | |
| TULSA COUNTY, OKLAHOMA ) | |
| ) | |
|       Defendants. ) | |

**DEFENDANT PATRICK J. MALLOY'S (MALLOY) REPLY TO PLAINTIFF'S
RESPONSE TO MOTION TO DISMISS AND
<u>MOTION TO STRIKE AFFIDAVITS AND RELATED EXHIBITS</u>**

**1. The Claims Against Malloy Must Be Dismissed Based On The Application Of The Barton Doctrine**

As set forth in the motion to dismiss, Malloy asserts that the pending claims against him personally must be dismissed on the basis that the plaintiff did not obtain authority from the bankruptcy court to pursue such claim in violation of the *Barton* doctrine as adopted in

1

*Satterfield v. Malloy*, 700 F.2d 1231(10th Cir. 2012).  Incredulously the plaintiff asserts that the doctrine does not apply to these claims on the basis that the claims have been asserted in bankruptcy and that the claims do not seek to recover damages from the bankruptcy estate.  There is no language of any kind in *Satterfield* and/or in any of the sibling cases cited in Satterfield that would support such a tortured interpretation of that ruling.  Starting at the bottom of page 1234 and continuing on the following page the court provided:

> "We now hold that Barton **precludes suit against a bankruptcy trustee** for claims based on alleged misconduct in the discharge of a trustee's duties **absent approval from the appointing bankruptcy court** (emphasis added)."

This language could not be clearer.  Regardless of the forum, no trustee can be sued for alleged misconduct while performing his duties **absent approval by the appointing bankruptcy court**.  There is no language anywhere in the opinion that could somehow support the plaintiff's contention that an exception to the doctrine arises when the trustee is sued in bankruptcy.  There is likewise no support for the argument that the doctrine does not apply on the basis that the plaintiff is not seeking to recover damages from the estate.  The doctrine and its application have nothing to do with whether or not the claims seek to recover assets from the estate.  The doctrine exists to protect trustees from the kind of baseless and harassing litigation that this plaintiff has seen fit to assert against anyone and everyone who was involved in the bankruptcy case.  On page 1236 and continuing on 1237 the court approvingly quoted the Seventh Circuit in explaining the purpose for the doctrine:

> *Without the requirement [of obtaining leave from the appointing court], trusteeship will become a more irksome duty, and so it will be harder for courts to find competent people to appoint as trustees. Trustees will have to pay higher malpractice premiums, and this will make the administration of the bankruptcy laws more expensive (and the expense of bankruptcy is already a source of considerable concern). Furthermore, requiring that leave be sought enables bankruptcy judges to monitor the work of the trustees more effectively. It does this by compelling suits growing out of that work to be as it were*

> *prefiled before the bankruptcy judge that made that appointment; this helps the judge to decide whether to approve this trustee in a subsequent case.*

Finally, it should be noted the plaintiff cannot assert these claims in an adversary proceeding in bankruptcy. Rule 7001 Ban. R. Civ. Pro. specifies in detail claims which may be asserted in an adversary proceeding and the claims pending in this matter are not included in that specification.

2. **Res Judicata Bars Plaintiff's Claims**

The plaintiff first argues, apparently in relationship to the order approving settlement and the related agreed judgments, that the bankruptcy court had no jurisdiction to enter a judgment based solely on state law; there was no final judgment on the merits and Malloy was not a party to the adversary – thus the elements of res judicata are not present. The order giving rise to the application of res judicata was the order approving settlement. All parties to this adversary with the exception of the purchaser in the state court matter were parties to the main case bankruptcy and that order resolved all claims by and between the parties – which necessarily includes the claims now being asserted.

With respect to Judge Michael's order denying the motion to vacate, counsel asserts she never intended to file a Rule 60(b) motion to vacate and thus, plaintiff appears to argue, plaintiff is not barred by Judge Michael's order denying any relief relative to the order approving settlement. In support of this response plaintiff's counsel has attached her own affidavit regarding what she intended to do or not do in the main case. Leaving aside for a minute the fact that counsel now purports to be a witness and the implications of this affidavit for counsel's future representation of this plaintiff, the affidavit is wholly improper and should either be stricken or ignored.

3

      **a) The Order Approving Settlement Bars The Claims Asserted Herein Pursuant To the Doctrine Of Res Judicata And The Plaintiff May Not Rely On Affidavits Which Are Extraneous To The Underlying Record Or The Face Of The Complaint To Defeat The Motion To Dismiss**

As argued more fully in his motion to dismiss, the doctrine of *res judicata* precludes parties from re-litigating issues that were or could have been raised in the prior action. *Satsky v. Paramount Communications Inc.*, 7 F.3d 1464 (10th Cir. 1993). Res Judicata applies where there is "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Pelt v. Utah*, 539 F.3d 1271 (10th Cir. 2008). Almost the entirety of plaintiff's complaint arises out of, and is based on, the alleged deficiencies related to the order approving settlement. That order resolved all claims by and between and against all of the parties named in this litigation with the single exception of the purchaser of the homestead at Sheriff's sale. Importantly, and as part of the settlement, Malloy released any and all claims the estate had against the various third parties. These claims represent claims that were based on pre-bankruptcy acts and actions. Most of the factual basis for the claims asserted herein is based on acts and actions which allegedly commenced in 2006.

    Malloy has referred this Court to the record in the underlying bankruptcy case which establishes that the order was entered after notice to all parties—**including the plaintiff in this matter**. Perhaps the most significant and telling aspect of plaintiff's response to the motion to dismiss is his failure to dispute that that **he did, indeed, receive notice**. All of the claims he now asserts, e.g. he never agreed to the terms of the settlement, could have been asserted in a timely objection to the proposed settlement. Thus all of the elements of res judicata apply i.e. the order approving settlement resolved all claims involving these parties; all parties named herein including Malloy were parties to the bankruptcy case; and the claims litigated herein were or

could have been litigated in connection with the proposed settlement.  Plaintiff complains that the bankruptcy court lacked jurisdiction to enter a monetary judgment in the discharge complaint.  First and foremost, it is the order approving the settlement that results in the application of the doctrine of res judicata.

Secondly, the settlement agreement provided for the filing of two agreed judgments—one in the pending state court foreclosure case for the sum of $157,811.16.  Plaintiff does not contend, nor could he, that the state court did not have jurisdiction to enter a monetary judgment against him.  Thirdly, it is simply not a correct statement of existing law that the bankruptcy court did not have jurisdiction to enter an agreed judgment in the discharge proceeding.  A bankruptcy court has authority in a nondischargeability proceeding to render a monetary judgment determining both the validity and amount of the claim together with its dischargeability.  *Longo v. McLaren*, 3 F.3d 958 (6th Cir. 1993); *Cowen v. Kennedy* (*In re Kennedy*), 108 F.3d 1015 (9th Cir. 1997); *Sassen v. Sokoloff* (*In re Sassen*), 424 F.3d 864 (9th Cir. 2005).  Fourthly, plaintiff bases his argument on the distinction between core and non-core matters.  However, the protection afforded by the Northern Pipeline core/non-core distinction may be waived or forfeited either by (i) consenting to the bankruptcy court's treatment of an otherwise non-core proceeding as core or (ii) failing to raise or preserve the issue on appeal.  *See Commodity Futures Trading Commission v. Schor*, 478 U.S. 833 (1986).

Finally, in a desperate attempt to either supplement or explain the underlying record, plaintiff has attached two affidavits to his response to the motion to dismiss – one which he signed and the other which was signed by his counsel.  Malloy's motion to dismiss was based on the face of the complaint.  Malloy did ask the Court to take judicial notice of matters of public record to-wit the pleadings and orders of the bankruptcy court entered in the underlying main

case – which Malloy was and is authorized to do.  See *Molly v. Primus Automotive Financial Services*, 247 B.R. 804, 814 (C.D. Cal. 2000); *Andrews v. JM Davis*, 201 F.3d 521(4th Cir. 2000).  Malloy did not attach to his motion to dismiss any affidavits or extraneous material to support his motion to dismiss.  In a facial (or technical) attack, the court is limited to considering the complaint alone (supplemented only by its exhibits).  See *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F. 3d 235, 243 (3d Cir. 2012); *Apex Digital Inc. v. Sears Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).  The submission of these affidavits is improper and both should be stricken or disregarded.  The plaintiff attempts to justify the use of these affidavits on a comment included in Malloy's motion to dismiss to the effect that he had little involvement in the settlement discussions.  Malloy did not at the time the motion was filed, and does not now, rely on this comment to support the motion to dismiss. That comment was intended to underscore the Trustee's argument that his interest was related to the claims of the estate and/or claims against the estate – not the claims by and between this debtor and other parties.

### b. The Order Denying Motion To Vacate Bars The Pending Claims And Plaintiff May Not rely On Affidavits To Supplement

As argued in the motion to dismiss, this plaintiff filed a pleading in the bankruptcy case which included the language "motion to vacate" with respect to the order approving settlement. The bankruptcy court clearly understood the pleading to be a motion to vacate and advised plaintiff to supplement the motion with a specification of facts sufficient to support such a motion – which he failed to do.  At no time prior to the entry of the order denying any relief did this plaintiff advise the court he had not, in fact, intended to file a motion to vacate.  Again, all of the parties to this litigation, including Malloy and this plaintiff, were parties to the underlying bankruptcy case – with the single exception of one of the defendants.  All of the matters raised

herein could have been raised in the context of the motion to vacate. The order denying the relief requested is final and non appealable. Thus the claims asserted herein are barred under the doctrine of res judicata by virtue of the order denying the motion to vacate.

It should also be noted that a motion pursuant to Rule 60(b) to vacate the order approving settlement was this plaintiff's only remedy available to this plaintiff. He simply cannot pursue the claims asserted herein in the context of an adversary proceeding. See *Rule 7001* Fed. R. Bank. Pro. Finally, plaintiff may not rely on the recently filed affidavit of his counsel to somehow explain away the consequences of the record history of the main case proceedings. Malloy's motion to dismiss is based on the actual allegations contained in the complaint and the underlying bankruptcy record which as argued in the motion to dismiss he is permitted to do. Plaintiff now seeks to rely on affidavits to support his response to the motion to dismiss which are extraneous to either the record or the face of the complaint. As a result, these affidavits should be stricken or ignored. *See* authorities cited above.

3. **The Complaint Fails To State A Claim Against Malloy And Plaintiff May Not Rely On The Recently Attached Affidavits To Supplement The Allegations.**

Malloy's motion to dismiss was based, in part, on the complaint's failure to state a claim. With respect to plaintiff's Eleventh Cause of Action which includes claims against Malloy, this claim is based on a wild and general allegation that all of the defendants conspired to assert malicious prosecution claims and claims that amounted to abuse of process. As argued in his motion to dismiss, Malloy asserts that the allegations are wholly insufficient to support these claims against Malloy – or for that matter any of the defendants. Plaintiff's response is to simply refer to the very allegations which are inherently defective. For example, with respect to the alleged malicious prosecution claim there is no allegation with respect to the alleged resolution in plaintiff's favor of any underlying law suit allegedly commenced by these defendants. With

respect to the alleged abuse of process claims, none of the elements of that claim have been alleged.

More importantly for purposes of claims against Malloy, there are no allegations that support a claim that Malloy somehow participated in the commencement or prosecution of any of these claims. There are references to a state court litigation which was pending at the time these proceedings were commenced. However, there are no allegations to establish that Malloy was somehow involved in those matters. There are allegations related to post-bankruptcy pleadings e.g. paragraph 73 of the complaint alleges that BOK "…filed a fraudulent and abuse of process Motion for Relief from Automatic Stay and Abandonment…" These allegations do not come close to supporting a claim that somehow Malloy participated in the filing of this pleading—**disregarding for a moment that the relief prayed for in this pleading was approved by the bankruptcy court without objection from this plaintiff!** The only allegation in the entire complaint which refers to Malloy filing anything is the reference to Malloy's filing of the motion to settle – which was approved by the court on Notice to the plaintiff with no objection.

4. **The Claims Are Barred By Judicial Estoppel**

In part, Malloy's motion to dismiss asserts that the claims asserted are barred by judicial estoppel by virtue of the fact that none of these claims were scheduled in the bankruptcy case. The plaintiff has responded by asserting "Causes of action for conspiracy, abuse of process and malicious prosecution **arose after those schedules were filed** and while the Plaintiffs were not being represented in the Bankruptcy or other state court actions" (emphasis added). This assertion stands in stark contrast to the allegations contained in paragraph 203 of the complaint: "Defendants the Kleins, Daffern, KRC, Soule, Sartin, BOK, Lehman, Malloy, Burton, Pettet,

8

Mitchell, McKenna, CFR and Westport, in a **continuing conspiracy starting on or about January 1, 2006, and continuing to the present,** filed various actions in various courts, which actions were maliciously prosecuted, entailed abuse of process, violations of the automatic stay and fraud upon Plaintiff and said courts" (emphasis added).  It should also be pointed out the first allegation of a "conspiracy" appears on page 6 paragraph 22 with a reference to actions taken in **2006.**  Thereafter, in paragraphs 23-64, the plaintiff alleges numerous acts and actions related to the alleged conspiracy – **all of which occurred prior to bankruptcy**.

    5.   **Relief Under The Court's Inherent Powers And 11 U.S.C. § 105**

In his opening brief Malloy prayed for extraordinary relief based on the filing of the pending complaint which contains wild and unfounded allegations which are all barred as to Malloy pursuant to either the *Barton* doctrine; res judicata; judicial estoppels and/or failure to state a claim. Malloy asked the Court to consider the imposition of sanctions under either § 105 or Rule 9011 Fed. R. Bank. Pro.  Malloy likewise requested the Court to consider referring this matter to the Northern District Grievance Committee.  Since filing of the motion Malloy has determined that counsel for the plaintiff is not admitted to the Northern District and thus a referral to this committee would be of no import.  However, either this Court can consider suspending plaintiff's counsel from practicing before this Court or at a minimum this Court can provide findings and conclusions for submission to the District Court relative to the conduct of counsel in this matter – which has included naming the bankruptcy judge as a party defendant in the initial filing.

In the case of *In re Sheridan v. Michels*, 362 F.3d 96 (1st Cir. 2004), the First Circuit provided a lengthy discussion related to the power of a bankruptcy court to conduct disciplinary proceedings against an attorney.  As noted the lower bankruptcy court had suspended the

appealing attorney from practicing before the bankruptcy court for a period of 60 days. The First Circuit took the position that the disciplinary proceeding conducted below was non-core primarily based on the fact the unethical conduct did not occur in a case before the bankruptcy court – and thus the court did not have jurisdiction to impose the disciplinary sanction of suspension. The court then remanded the case to bankruptcy court for preparation of proposed findings and conclusions to be submitted to the District Court. However, this Court's attention is directed to the language found at page 111:

> *We close with a final admonition: our opinion is not to be construed as holding that all attorney disciplinary proceedings before the bankruptcy court are to be pre-sumptively considered non-core. Thus had the Sheridan ethical violations occurred either during the course of a bankruptcy case or within the immediate presence of the bankruptcy judge, or otherwise directly affected the administration, liquidation, or reorganization efforts a stronger demonstration might be made for characterizing the disciplinary proceeding as a core matter. See e.g. In re Hessingnger,* 192 B.R. at 220.

At an earlier point in the opinion on page 107 the court provided:

> *Thus to the extent that attorney misconduct may have thwarted the efforts of the bankruptcy court to bring a particular bankruptcy proceeding efficiently to conclusion, it is at least arguable that attorney disciplinary proceedings occurring during such a case can be classified as core.*

*See also* 28 U.S.C. § 157(b)(2)(A) defining core matters as "other proceedings affecting the liquidation of the assets of the estate."

It is an understatement to assert that the unethical conduct of plaintiff's counsel is affecting the timely and efficient administration of this estate – at an untold expense to all parties including the Trustee and two state courts.

                                        Respectfully Submitted,

                                        MALLOY LAW FIRM, P.C.

By:    <u>s/ Patrick J. Malloy III</u>
        Patrick J. Malloy III, OBA #5647
        MALLOY LAW FIRM, P.C.
        One W. 3rd Street, Suite 1750
        Tulsa, Oklahoma 74103
        Telephone: (918) 794-4952
        *ATTORNEYS FOR TRUSTEE*