UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| STEPHEN NICHOLAS LYNCH and | ) | |
| GWENNA KAY LYNCH | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |
| STEPHEN NICHOLAS LYNCH | ) | |
| | ) | |
| Plaintiff/Debtor, | ) | |
| | ) | Case No. 11-12457-M |
| v. | ) | (Chapter 7) |
| | ) | Adv. No. 14-01059-M |
| KENNETH K. KLEIN, JUDI KLEIN; | ) | |
| KRISITIN KLEIN DAFFERN; ERIC M. | ) | |
| DAFFERN; KELINCO RESIDENTIAL | ) | |
| CONSTRUCTION, LLC, an Oklahoma | ) | |
| Limited Liability Company; ROBERT B. | ) | |
| SARTIN; PATRICK J. MALLOY, III; C. | ) | |
| ROBERT BURTON, IV; BOKF, N.A.; | ) | |
| SCOTT F. LEHMAN; CFR, INC.; | ) | |
| WESTPORT INSURANCE CORPORATION; | ) | |
| BRUCE A. MCKENNA; CHRISTOPHER | ) | |
| PETTET; VALERIE MITCHELL; DISTRICT | ) | |
| COURT IN FOR OSAGE COUTNY, | ) | |
| OKLAHOMA; DISTRICT COURT FOR | ) | |
| TULSA COUNTY, OKLAHOMA | ) | |
| | ) | |
| Defendants. | ) | |

**TRUSTEE/DEFENDANT'S MOTION TO STAY
CONSIDERATION OF PLAINTIFF'S MOTION TO DISQUALIFY PENDING
<u>RULINGS ON MOTIONS TO DISMISS</u>**

COMES NOW the Patrick J Malloy III (Malloy), the Trustee in these proceedings and states:

1)  Plaintiff has filed a motion to disqualify all attorneys who have been named as defendants in these proceedings largely on the basis of an alleged conflict of interest.

1

2) Leaving aside for a moment how such a conflict could possible exists as applied to Malloy's representation of himself, all of the defendants have filed motions to dismiss all claims based on the *Barton* doctrine, *res judicata*, *collateral estoppel, judicial estoppel*, *waiver,* failure to state a claim and other grounds. In addition, these various motions have requested the Court to impose sanctions on its own initiative pursuant to Rule 9011 Fed. R. Bank. Pro. 9011 and/or 11 U.S.C. § 523. Finally the parties themselves have filed or will be filing motions for sanctions pursuant to Rule 9011.

3) As already argued in some detail, this complaint and the related allegations have been filed with no factual or legal basis in blatant disregard for the requirements of Rule 9011 and fundamental ethical considerations. Aside from naming any and all parties who were ever involved in the underlying bankruptcy case, this plaintiff has seen fit to name as defendants all of the attorneys who entered an appearance in the underlying case and, at least in the first instance, the Bankruptcy Court itself. The costs to address these wild and unfounded allegations increase daily. In order to avoid unnecessary time and expense, the named counsel have acted on behalf of both themselves and their respective clients – with the exception of Malloy who is acting on behalf of himself – and indirectly the bankruptcy estate to the extent he is defending the final and non-appealable orders of this Court.

4) Moreover, Rule 3.7 of the Oklahoma Rules of Professional Conduct with respect to disqualification of counsel only applies in the event there is an actual trial. Thus the motion is premature and untimely.

5) In order to avoid or minimize the costs being incurred in this abusive and vexatious litigation and as a result of the fact the motion to disqualify is premature, Malloy requests that the Court stay consideration of the motion to disqualify pending consideration of all motions to dismiss and related motions for sanctions against plaintiff's counsel.

Respectfully Submitted,

MALLOY LAW FIRM, P.C.

By:    s/ Patrick J. Malloy III
        Patrick J. Malloy III, OBA #5647
        MALLOY LAW FIRM, P.C.
        One W. 3rd Street, Suite 1750
        Tulsa, Oklahoma  74103
        Telephone: (918) 794-4952
        *ATTORNEYS FOR TRUSTEE*