IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 11-12457-M |
| LYNCH, STEPHEN NICHOLAS, | ) | (Chapter 7) |
| LYNCH, GWENNA KAY, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| STEPHEN NICHOLAS LYNCH, | ) | Adversary Case No. 14-AP-01059-TRC |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| KENNETH K. KLEIN, JUDI KLEIN; | ) | |
| KRISTIN KLEIN DAFFERN; ERIC M. | ) | |
| DAFFERN; KLEINCO RESIDENTIAL | ) | |
| CONSTRUCTION, LLC, AND Oklahoma | ) | |
| Limited Liability Company; ROBERT B. | ) | |
| SARTIN; PATRICK J MALLOY, III; | ) | |
| C. ROBERT BURTON, IV; BOKF, N.A.; | ) | |
| SCOTT F. LEHMAN; CFR, INC., | ) | |
| WESTPORT INSURANCE | ) | |
| CORPORATION; BRUCE A. | ) | |
| MCKENNA; CHRISTOPHER PETTET; | ) | |
| VALERIE MITCHELL; DISTRICT | ) | |
| COURT IN FOR OSAGE COUNTY, | ) | |
| OKLAHOMA; DISTRICT COURT FOR | ) | |
| TULSA COUNTY, OKLAHOMA | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS AND BRIEF IN SUPPORT ON BEHALF
OF DEFENDANTS STATE DISTRICT COURTS
FOR OSAGE AND TULSA COUNTY**

COME NOW Defendants, District Court for Osage County, Oklahoma and District Court for Tulsa County, Oklahoma (collectively "State District Courts" or "Defendants") by and through, Dixie Coffey, Assistant Attorney General, and move to dismiss Plaintiff's claims against State District Courts pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In support hereof, Defendants submit the following:

**INTRODUCTION**

Plaintiff, Stephen Nicholas Lynch, filed a Chapter 11 bankruptcy case in this court on August 25, 2011. On October 10, 2011 the bankruptcy was converted to a Chapter 7 bankruptcy. Prior to Plaintiff's bankruptcy filing, Defendant BOKF, N.A. ("BOKF") had filed and later dismissed a foreclosure action in Osage County District Court against Plaintiff and his wife. On December 29, 2011, BOKF filed a Motion for Relief of Stay and Abandonment of Property in Plaintiff's bankruptcy proceeding. On January 25, 2012, BOKF was granted an Order for Relief of Stay from the Bankruptcy Court. On February 14, 2012, BOKF filed a second foreclosure action against Plaintiff and his wife in Osage County District Court, case No. CJ-2012-37. On December 31, 2012, Osage County District Court entered an order for sale of Plaintiff's residence, and confirmed the sale on March 25, 2013 with an Order Confirming Sheriff Sale and Disbursement of Funds to BOKF. Various other judgment lien holders applied to the Osage County District Court for Disbursement of Funds which were granted at various times. Throughout the foreclosure proceedings, Plaintiff objected to Court Orders and raised various issues, including violations of the Automatic Stay. The Osage County District Court reviewed and ruled upon these issues. Osage County District Court Case no. CJ-2012-37 is now on Appeal.

On January 9, 2013, Defendant Kleinco Residential Construction LLC filed Tulsa County District Court Case No. CV-2013-38 for enforcement of a foreign judgment. The judgment being collected came out of the bankruptcy proceedings. In the Tulsa County District Court case, collection efforts over the next two years included garnishments and hearings on assets. On January 12, 2015, Plaintiff and his wife, Gwenna Kay Lynch ("Debtors") filed a Notice of Bankruptcy stating the Northern District Bankruptcy proceeding 11-12457-M, was still pending.

Plaintiff has now filed this adversarial proceeding alleging several Defendants engaged in fraud and conspiracy. Although Plaintiff names State District Courts as Defendants, Plaintiff has failed to assert a cause of action against these Defendants. Plaintiff alleges he has included State District Courts as Defendants "to enforce the jurisdiction of the Bankruptcy Court for the Northern District of Oklahoma." Plaintiff's First Amended Adversarial Complaint, ¶ 16 [Docket Entry 12]. This is not a proper or legitimate basis to include State District Courts as parties to this action, and Plaintiff's claims are without any legal or factual merit. Plaintiff has not asserted any viable theories of recovery against State District Courts, and therefore, Defendants request this Court dismiss the State District Courts for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Dismissal is also warranted pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir.1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974), and *Eagle Air Med Corp. v. Martin*, No. CIV.A. 08-CV-00532LT, 2009 WL 651800 (D. Colo. Mar. 12, 2009) aff'd, 377 F. App'x 823 (10th Cir. 2010).

Fed.R.Civ.P. (12)(b)(6) empowers a court to dismiss a complaint for failure to state claims upon which relief may be granted. Motions to dismiss are properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the

3

elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and those factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965, 1974 (citations omitted). The Supreme Court's standard for 12(b)(6) dismissal is "whether the complaint contains 'enough facts to state a claim that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). The court should "look for plausibility in th[e] complaint." *Alvarado v. KOBTV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Bell Atl.*, 127 S.Ct. At 1974). The specific allegations in the complaint must be reviewed "to determine whether they plausibly support a legal claim for relief." *Id.* at 1215, n.2; *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Entitlement to relief requires more than just "labels and conclusions or a formulaic recitation of the elements" to state a cause of action. *Robbins v. State of Okla., et al.*, 519 F.2d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl.*, 127 S.Ct. At 1965). In deciding a 12(b)(6) motion a court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the claimant. *Id.* at 1965; *Alvarado v. KOBTV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002).

However, the court must also insure that each Defendant has adequate notice as to the facts and allegations entitling Plaintiff to the requested relief. See Fed.R.Civ.P. (8)(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atlantic*, *supra.* A court is not required to accept as true allegations that are conclusory in nature. *Erikson v. Pawnee County Bd. of County*

4

*Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Similarly, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not h[er] conclusory allegations." *Id. See also Bryan v. Stillwater Bd. Of Realtors*, 578 F.2d 1319, 1321 (10th Cir. 1977) ("allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."); *Oppenheim v. Sterling*, 368 F.2d 516, 519 (10th Cir. 1966) ("unsupported conclusions of the pleader may be disregarded").

## ARGUMENTS AND AUTHORITY

**A.     Plaintiff fails to state a claim upon which relief can be granted.**

Motions to dismiss are properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). In Plaintiff's Eighth Cause of Action, Plaintiff alleges that Osage County Case No. CJ-2012-37 is void for lack of jurisdiction, fraud upon the Court, and violation of the automatic stay. In Plaintiff's Ninth Cause of Action, Plaintiff alleges that Tulsa County Case CV-2013-38 is void for fraud upon the court and violation of the automatic stay. Although Plaintiff's Eighth and Ninth Causes of Action are alleged against the State District Courts, Plaintiff's faint allegations of fraud are based solely upon actions taken by other Defendants, not actions of the State District Courts. Nowhere in the 160 "factual statements" or thirteen causes of action does Plaintiff allege sufficient facts to state a claim against State District Courts, nor does Plaintiff specify what type of cause of action he is attempting to allege against them. "A pleading that states a claim for relief must contain a short

and plain statement of the claim showing that the pleader is entitled to relief". *Bell Atlantic*, *supra.* Further, a pleading will fail if it only tenders "'naked assertion[s]' devoid of 'further factual enhancements'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), citing *Bell Atlantic* 550 U.S. at 557.

Plaintiff does not allege the State District Courts engaged in, perpetuated or were complicit in the conspiracy and fraud alleged in the Complaint. In Plaintiff's Eighth Cause of Action, titled "The Osage County Case No. CJ-2012-37 is Void for Lack of Jurisdiction, Fraud upon the Court and Violation of the Automatic Stay", Plaintiff alleges other Defendants and Osage District Court "…fraudulently filed and prosecuted Case No. CJ-2012-37…" Osage County District Court can neither file nor prosecute an action, and Plaintiff's Complaint lacks any allegations of actions taken by Osage District Court to support such a claim.

Plaintiff's Ninth Cause of Action is titled "The Tulsa County Case CV-2013-38 is Void for Fraud Upon the Court and Violation of the Automatic Stay", yet it contains no allegations against Tulsa County District Court. Plaintiff has clearly failed to meet his burden of sufficiently stating a claim against State District Courts. Plaintiff makes no specific factual allegations to support claims for relief against the State District Courts, and therefore Plaintiff's Eighth and Ninth causes of action should be dismissed.

**B.     State District Courts are not real parties in interest**

To be a proper party, Fed. R. Civ. P. 17 (a) requires a defendant to be a real party in interest against whom relief can be granted. A real party in interest is an executor, an administrator, a guardian, a bailee, a trustee, a trustee of an express trust, a party whom or in whose name a contract has been made for another's benefit; and a party authorized by statute. The State District Courts do not fall under any of these categories. Therefore, they are not

properly named parties. The "district court retains discretion to dismiss [an] action where there is no reasonable basis for naming [an] incorrect party." *Watford v. West*, 78 p.3d 946, 2003 OK 84 *Id.* citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F. 3d 11, 20 (2d Cir. 1997).

Plaintiff cannot show the State District Courts are real parties in interest. Naming the State District Courts as defendants for the purpose of "enforcement" is an improper basis and does not make them real parties in interest. There is no legal justification for bringing State District Courts into this action, and therefore, State District Courts should be dismissed.

C.      **State District Courts lack the capacity to be sued.**

To be proper Defendants, not only must State District Courts be real parties in interest, but under Fed. R. Civ. P. 17(b) and 12 O.S. § 2017(B), State District Courts must also have the capacity to be sued. The capacity to be sued when the "entity" is not an individual or a corporation is determined by the law of the state where the Court is located. See Fed. R. Civ. P. 17(b)(3). Capacity under Oklahoma law is defined as "any person, corporation, partnership, or unincorporated association." State District Courts do not fall under this definition, and therefore are not properly named parties because they do not have the capacity to be sued in Oklahoma. 12 O.S. § 2017(B), Fed. R. Civ. P 17(b).

D.      **Plaintiff's claims are precluded from this action based on Res Judicata and Collateral Estoppel**

State District Courts fully adopt herein Defendant Bankruptcy Trustee, Patrick Malloy's, arguments and authority in his Motion to Dismiss [Dkt. 45], and Reply [Dkt. 67], wherein the defenses of Res Judicata and Collateral Estoppel are addressed.

**E.     This Court lacks subject matter jurisdiction to determine whether or not a State Court's decision is Void.**

Plaintiff's requested relief includes asking this court to declare (1) "the Osage County Case No. CJ-2012-37 is void for lack of jurisdiction, fraud upon the Court, and violation of the automatic stay" and (2) "the Tulsa County Case No. CV-2013-38 is void for fraud upon the court and violation of the automatic stay." [Dkt 12, p.44]. The federal court lacks jurisdiction to grant such relief. *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir.1991). The federal district courts and federal courts of appeal lack jurisdiction to either review or reverse state court judgments. *District Court of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983); *Facio,* 929 F.2d at 543. Federal review of a state court judgment must be addressed directly to the United States Supreme Court from the state's highest court. *Id.;* 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . ."). Plaintiff is seeking a declaration from this federal bankruptcy court that the State District Courts' actions are void. This Court lacks jurisdiction to grant Plaintiff's requested relief.

## CONCLUSION

Plaintiff fails to state a claim against the State District Courts for which relief can be granted. In addition, State District Courts are not a proper party to be named in this action, lack the capacity to be sued, and lack the requisite subject matter jurisdiction. Therefore, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendants Osage County District Court and Tulsa County District Court should be dismissed from this action.

Respectfully Submitted,

s/ Dixie Coffey

DIXIE COFFEY, OBA #11876
Assistant Attorney General
Oklahoma Attorney General
Litigation Section
313 NE 21st Street
Oklahoma City, Oklahoma 73105
Tele: 405/522-2891
Fax: 405/521-4518
Email: Dixie.Coffey@oag.ok.gov
*Attorney for Defendants District Court for Osage County, Oklahoma and District Court for Tulsa County, Oklahoma*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2015, a true and correct copy of the foregoing instrument was filed electronically with the U.S. Bankruptcy Court for the Northern District of Oklahoma and served via CM/ECF electronic service to the following:

Martha L. Hyde, marthalhyde@yahoo.com
Counsel for Plaintiff

In addition, a true and correct copy of the foregoing instrument was served via First Class Mail, on February 11, 2015, to the following:

| | |
|---|---|
| Patrick J. Malloy, III | Robert B. Sartin |
| Malloy Law Firm, PC | Barrow & Grimm, PC |
| One W. 3rd Street, Ste. 1750 | 110 West 7th Street, Ste. 900 |
| Tulsa, OK  74103-3800 | Tulsa, OK  74119 |
| | |
| C. Robert Burton, IV | John D. Clayman |
| 1611 South Utica Ave, #335 | Frederic Dorwart, Lawyers |
| Tulsa, OK  74104-4909 | 124 E. Fourth Street, Old City Hall |
| | Tulsa, OK  74103 |
| | |
| Bruce A. McKenna | Steven W. Soule |
| McKenna & Prescott, PLLC | Hall Estill |
| 5801 East 41st Street, Ste. 501 | 320 S. Boston, Ste. 200 |
| Tulsa, OK 74135 | Tulsa, OK  74103 |
| | |
| Ryan Todd Scharnell | |
| Conner & Winter | |
| 4000 One Williams Center | |
| Tulsa, OK  74172 | |

                                                             s/ Dixie Coffey
                                                             DIXIE COFFEY